**Jesse J. AVILA, Guardian ad Litem of Daniel Cardona, et al., Plaintiffs/Appellants,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, et al., Defendants/Appellees.**

**No. 82–4005.**

United States Court of Appeals, Ninth Circuit.

Argued Dec. 16, 1982.

Submitted Feb. 28, 1984.

Decided April 19, 1984.

Scott W. Williams, Fresno, Cal., for plaintiffs/appellants.

Mio D. Quatraro, Asst. U.S. Atty., Fresno, Cal., for defendants/appellees.

Before MERRILL and FERGUSON, Circuit Judges, and GRANT,[*] District Judge.

FERGUSON, Circuit Judge:

FACTS

In September 1977, Daniel Cardona, a 23-year-old American citizen who is mentally impaired, was stopped by local police in Clovis, California, jailed, turned over to the Immigration and Naturalization Service as a suspected illegal alien and deported to Mexico. Daniel told the authorities that he was an American citizen but was not allowed to call his family. His father, Jesus, searched for him until December, when Daniel was finally located wandering the streets of Tijuana. His mental condition was so poor that he had to be hospitalized in Mexico for several weeks before he could be brought back to Fresno County. There he required further medical attention. Subsequently he was certified as mentally incompetent and placed in a custodial facility.

In April 1978, Jesus filed a Standard Form 95 (SF 95) asserting a claim of $50,385 against the government for damages to Daniel's mental state and for the expenses incurred in locating him and procuring medical treatment for him. This form was filed in the name of "Daniel Cardona" as claimant. However, it was signed by "Jesus Cardona" without further identification. At various places on the form reference is made to "claimant's son" where Jesus speaks of Daniel, and therefore speaks of himself as the claimant. At that time Daniel was 24 years old and did not have a conservator. However, the SF 95 was accompanied by a letter from the Legal Services attorney representing Daniel and Jesus; the letter explained Daniel's mental disability and Jesus' signature on the form. In May 1978, the regional counsel of INS wrote to Jesus saying that his claim would be entertained under the FTCA and seeking further information,

which was supplied. In August 1978, the regional counsel wrote again saying that since there was no evidence that Jesus had authority to file for his son and since there was an absence of evidence to substantiate the amount of the personal injury claim, no further action would be taken on the claim.

On August 4, 1980, Jesus moved to amend the claim, adding himself as claimant and detailing his personal expenses of $2985 incurred in the search for and treatment of his son. On August 18, 1980, the INS sent a letter formally rejecting Daniel's claim and denying Jesus' claim on the ground that no prior claim in the name of Jesus Cardona had ever been received and that a newly filed claim would be time-barred as beyond the two-year statute of limitations.

In January 1981, Jesus, individually and as next friend of Daniel, filed a complaint against the INS and the local police authorities. The Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, was the basis of the first and second causes of action. The government moved to dismiss these counts on the ground of failure to exhaust administrative remedies. The magistrate in the district court recommended dismissal of the first two counts on the basis of Jesus' failure to submit proof of his authority to file for Daniel; the recommendation was silent as to the reasons for dismissing Jesus' claim as well. The district court adopted the magistrate's recommendation without amplification. From this decision Jesus and Daniel appeal.[1]

ANALYSIS

1. *Elements of an Administrative Claim Satisfying Jurisdictional Requirements.*

An action against the United States for money damages must be dismissed for lack of subject matter jurisdiction if a proper administrative claim has not been filed. *Blain v. United States*, 552 F.2d 289 (9th Cir.1977). Suit may begin when the agency

---

[*] Hon. Robert A. Grant, Senior United States District Judge for the Northern District of Indiana, sitting by designation.

1. After the Notice of Appeal was filed, a guardian ad litem, Jesse J. Avila, was appointed to act for Daniel.

denies the claim or has failed to act upon it for six months. 28 U.S.C. § 2675(a). This case presents the question whether an SF 95 submitted in the name of an adult incompetent by his father and signed by the father for the son adequately fulfills the administrative requirement of "filing a claim" when no conservator has been appointed for the incompetent [2] and thus no written authorization entitling the father to act for the son accompanies the claim form.

The statutory language is ambiguous with respect to the kind of claim that must be submitted before suit in district court is authorized. 28 U.S.C. § 2675(a) reads in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for ... personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency ....*

(Emphasis supplied).

The government cites regulations appearing at 28 C.F.R. § 14.3 reading:

> (b) A claim for personal injury may be presented by the injured person, his duly authorized agent or legal representative.
>
> ....
>
> (e) A claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing, and *be accompanied by evidence of his authority to present a claim on behalf of the claimant* as agent, executor, administrator, parent, guardian, or other representative.

(Emphasis supplied). It is uncontested that Jesus Cardona never complied with the emphasized portion of the regulation. Citing *House v. Mine Safety Appliances Co.*, 573 F.2d 609, 615–16 (9th Cir.), *cert. denied*, 439 U.S. 862, 99 S.Ct. 182, 58 L.Ed.2d 171 (1978), the government contends that noncompliance with the regulation alone is dispositive of the matter.

The court withheld submission of this case pending en banc review of *Warren v. United States Department of the Interior Bureau of Land Management*, 724 F.2d 776 (9th Cir.1984). On January 24, 1984, the en banc panel reversed *House* and held that jurisdictional limitations on tort claims against the federal government *do not* encompass regulations promulgated pursuant to the agencies' claims settlement authority.

■ Pursuant to *Warren*, a jurisdictional claim is presented when the minimal requirements of (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation and (2) a sum certain damages claim are met. *Id.* at 780. Any other requirements imposed by administrative regulations pursuant to section 2672 are not a bar to jurisdiction by the federal courts.

■ In *Graves v. United States Coast Guard*, 692 F.2d 71 (9th Cir.1982), which was approved by *Warren*, the claimant did not sign the claim documents because of his physical injury. *Graves* held that matter was not jurisdictional. Here, the father of a mental incompetent signed the claim for his son. The jurisdictional validity of the claim is no different here than in *Graves*.

2. *"Relation Back" of Amendment to Administrative Claim.*

On August 4, 1980, Jesus, the father, amended the claim to add himself as a

---

**2.** At the time of filing in April 1978, Daniel had no conservator at all although he had been certified in January 1978, immediately after his return from Mexico, and placed in a treatment facility. When the court appointed a conservator for his person in December 1978, it did not appoint one for his estate, finding that the estate consisted only of public assistance monies. The conservator was the Public Guardian of Fresno County since Jesus Cardona, the father, is poorly educated and speaks little English.

claimant in order to be reimbursed for his expenses incurred in the search for his son, Daniel. The agency did not deny the claim as amended until August 18, 1980. There is no barrier presented by section 2675 to the amendment of claims nor the presenting of a claim by more than one claimant. In fact, the strict requirements of the regulations, which are not jurisdictional, provide for the amendment of claims. 28 C.F.R. § 14.2(c) states:

A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action .... Amendments shall be submitted in writing and signed by the claimant ....

The son's claim was filed well within the two-year statute of limitations provided by section 2401(b) for the presentation of claims to the agency involved. As that claim was amended to include the father's claim, Jesus' claim is not jurisdictionally barred.

■ In deciding whether an amendment relates back to the original claim, notice to the opposing party of the existence and involvement of the new plaintiff is the critical element. *Cf.* Fed.R.Civ.P. 15(c); *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1308–10 (D.C.Cir.1983); *Williams v. United States*, 405 F.2d 234, 236–38 (5th Cir.1968). In *Williams,* the mother of an injured boy sued the United States under the FTCA as next friend of her son. After the two-year statute of limitations had elapsed and the plaintiff obtained a verdict on the merits but not on damages, the mother amended the complaint to appear as a party plaintiff in her own right, seeking recovery for loss of services. The court allowed the amendment because the operational facts were fully stated in the original complaint; and the complaint, "read with the required liberality," put the government "on notice that the parent's claim was also involved" and because the circumstances would "reasonably indicate a likelihood that the parent would incur losses of a recoverable kind." *Id.* at 239.

■ We find that under the circumstances of this case no prejudice would accrue to the government from allowing Jesus' amendment to relate back to the original claim. *See Williams,* 405 F.2d at 239. That claim, and the accompanying letter, identified Jesus as Daniel's father and explained Daniel's disability. The nature of Jesus' damages was such that the government would reasonably expect to occur from its wrongful deportation of a mentally impaired citizen.

Indeed, the present case is even more compelling than *Williams.* In *Williams,* amendment of the complaint was allowed after a verdict on the merits. Here, the plaintiffs amended their administrative claim prior to final agency action, as was permitted by agency regulation, and before the claim was brought in the district court.

### 3. *Erroneous Stipulation of Law Not Binding on Appellate Court.*

In the district court, the government moved to dismiss the FTCA claims of both Daniel and Jesus Cardona. The parties briefed both claims; the district court dismissed both, and the Notice of Appeal brought both matters to this court. However, believing 28 C.F.R. § 14.3(e) to be jurisdictional because of *House,* the plaintiffs abandoned Daniel's cause of action on appeal. Nonetheless, in its opposition brief, the government addressed all of the law relevant to Daniel's claim in its argument against relating the claim of Jesus back to that of Daniel.

■■ A stipulation of law is not binding upon an appellate court. *Swift & Co. v. Hocking Valley Railway Co.,* 243 U.S. 281, 289, 37 S.Ct. 287, 289, 61 L.Ed. 722 (1917); *Los Angeles Shipbuilding & Drydock Corp. v. United States,* 289 F.2d 222, 231 (9th Cir.1961). Quite recently this court has observed: "[W]e are not bound by a party's erroneous view of the law." *Flamingo Resort, Inc. v. United States,* 664 F.2d 1387, 1391 n. 5 (9th Cir.1982), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 446, 74 L.Ed.2d 602 (1983). This simply restates and reiterates a longstanding policy in this

circuit: "We see no reason why we should make what we think would be an erroneous decision, because the applicable law was not insisted upon by one of the parties." *Smith Engineering Co. v. Rice,* 102 F.2d 492, 499 (9th Cir.1938), *cert. denied,* 307 U.S. 637, 59 S.Ct. 1034, 83 L.Ed. 1519 (1939). Therefore the fact that the plaintiffs' briefs on appeal addressed themselves directly only to the claim of Jesus should not bind this court in dealing with that of Daniel.

The judgment of the district court is hereby REVERSED and the case is REMANDED for further proceedings consistent with this disposition.