**Robert LEE and Angela Lee, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 92–2061.

United States Court of Appeals, Tenth Circuit.

Nov. 25, 1992.

John R. Westerman and Todd M. Ackley of the Law Offices of John R. Westerman, Chartered, Farmington, N.M., for plaintiffs-appellants.

Don J. Svet, U.S. Atty., Marilyn S. Johnson, Asst. U.S. Atty., Albuquerque, N.M., and Virginia R. Mitz, Atty., Office of Gen. Counsel, U.S. Dept. of Health and Human Services, Washington, D.C., for defendant-appellee.

Before MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.

MOORE, Circuit Judge.

Plaintiffs Angela and Robert Lee are the parents of the minor child, Georgia Ann Lee. On December 15, 1987, the child allegedly received negligent medical treatment at the Indian Health Service Hospital in Shiprock, Arizona. On July 31, 1989, plaintiff Angela Lee presented a claim for damages to the Department of Health and Human Services (DHHS) on behalf of her daughter. By letter to the DHHS dated December 11, 1990, plaintiffs attempted to amend the administrative claim to add themselves as parties and to add their own claims. The DHHS denied the amendment as outside the two-year statute of limitations in 28 U.S.C. § 2401(b). Plaintiffs submitted to DHHS a second amended administrative claim dated April 13, 1991, which also was denied.

Plaintiffs then brought this suit asserting their claims for damages against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), and 2671–2680. The district court dismissed plaintiffs' complaint for lack of subject matter jurisdiction. Plaintiffs appeal.[1] We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

We review a dismissal for lack of jurisdiction de novo. *Redmon ex rel. Redmon v. United States,* 934 F.2d 1151, 1155 (10th Cir.1991). Plaintiffs make the same two arguments on appeal as before the district court. First, they argue that the amendment to their daughter's administrative claim "relates back" to the original claim, if not for both plaintiffs, then at least for Angela Lee, whose name appeared on the claim as mother and guardian of Georgia Ann Lee. Second, plaintiffs argue that 28 C.F.R. 14(c) allows administrative claims to

---

* Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

be amended before final disposition, and since the government was on notice of the incident which allegedly gave rise to these tort claims, the amendment should be allowed.

■ The district court carefully considered plaintiffs' arguments. In its Memorandum Opinion and Order entered February 12, 1992, the district court determined that the amended claims did not "relate back" to the original claim because the original claim for the child did not put the government on notice of the fact, nature, or amount of the parents' claims. There being no Tenth Circuit decisions on the point, the court relied on the Eighth Circuit's reasoning in *Manko v. United States*, 830 F.2d 831, 841–42 (8th Cir.1987) (deciding amendment could not "relate back" because § 2401(b) waiver of sovereign immunity must be strictly construed), which it considered to be more sound than that of the Ninth Circuit's decision in *Avila v. INS*, 731 F.2d 616, 620 (9th Cir.1984) (holding untimely amendment "related back" because father's name on original claim for incompetent son put government on notice of father as potential additional claimant).

■ The district court further determined that although 28 C.F.R. § 14.2(c) allows amendment of an administrative claim prior to final disposition, an amendment adding new claimants and claims outside the limitations period of the FTCA would defeat the basic purpose of the limitations period, " 'which is to encourage the prompt presentation of claims.' " Memorandum Opinion and Order at 3–4 (quoting *United States v. Kubrick*, 444 U.S. 111, 117–18, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979)). The district court therefore concluded it lacked subject matter jurisdiction under the FTCA to consider plaintiffs' claims.

The district court's discussion of the issues was thorough and well-reasoned. We have also considered plaintiffs' arguments carefully and affirm the order of the district court for substantially the same reasons set forth in the district court's Memorandum Opinion and Order entered February 12, 1992, a copy of which is attached.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

## APPENDIX A

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

———

Robert LEE and Angela Lee,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

### MEMORANDUM OPINION AND ORDER

No. 91–631–M Civil

Feb. 12, 1992.

This matter came on for consideration on the motion of defendant to dismiss. Having considered the motion, the response, and reply thereto, and being otherwise fully advised in the premises, I find the motion is well taken and it shall be granted.

*Background*

This is an action against the United States government brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) and 2671 *et seq.* The United States moves to dismiss this action for lack of subject matter jurisdiction, arguing that the plaintiffs have failed to file a timely administrative claim.

The incident upon which plaintiffs Angela and Robert H. Lee base their claim occurred on December 15, 1987. Their claim concerns the medical treatment of plaintiffs' daughter Georgia Ann Lee at the Public Health Service Indian Hospital in Shiprock, New Mexico. Angela Lee filed the original administrative claim for her daughter Georgia Ann Lee on or about August 8, 1989. On or about December 11, 1990, an amended complaint for damages,

injury or death was filed. The amended claim, among other things, added claims for Angela Lee and Robert H. Lee as parents of Georgia Ann Lee. On December 20, 1990, the parents' claims were denied by letter for being time-barred pursuant to 28 U.S.C. § 2401 and 28 C.F.R. § 14.2(a). The Lees brought this lawsuit because of the failure of the administrative agency to allow their claims. Defendant's motion to dismiss and this opinion do not deal with the claims filed by Angela Lee on behalf of Georgia Ann Lee.

### Discussion

As a sovereign, the United States "is immune from suit save as it consents to be sued [citations omitted] and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 [61 S.Ct. 767, 770, 85 L.Ed. 1058] (1941). The United States has consented to suit under the provisions of the FTCA, 28 U.S.C. § 1346(b). For this reason, compliance with the FTCA time requirements are jurisdictional. *Houston v. U.S. Postal Services*, 823 F.2d 896, 902 (5th Cir.1987).

> Section 28 U.S.C. 2401(b) provides that: [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The plaintiffs do not dispute the fact that the amended complaint was filed two years after the incident. They argue, however, that the amendments should be allowed pursuant to 28 C.F.R. § 14.2(c). They also argue that the amended claim should relate back to the original complaint brought by the parents on behalf of Georgia Ann Lee.

28 C.F.R. § 14.2(c) states in pertinent part that "[a] claim presented in compliance with ¶(a) of this section maybe amended by the claimant at any time prior to the final agency action...." Plaintiffs argue, and the United States agrees, that there was no final agency disposition of the original claim at the time the claim was amended. However, the United States argues that even though the regulation allows amendment of the claim prior to a final disposition, an amendment cannot be made adding new parties alleging an entirely new set of injuries and damages. I agree.

The regulation makes no mention of amending the complaint to add new parties. The claims of Angela and Robert H. Lee were brought three years after the incident giving rise to the claim. In *United States v. Kubrick*, 444 U.S. 111, 117–18 [100 S.Ct. 352, 357, 62 L.Ed.2d 259] (1979) the Supreme Court stated that "[s]ection 2401(b) ... is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose which is to encourage the prompt presentation of claims ..." Allowing plaintiffs to amend the complaint that would add two new parties three years after the claim accrued would defeat that purpose.

Plaintiffs correctly state that *Avila v. INS*, 731 F.2d 616 (9th Cir.1984) supports their position. However, that opinion has been criticized in *Manko v. United States*, 830 F.2d 831 (8th Cir.1987) and I, likewise, decline to follow it. Further, I find no reported cases citing *Avila* for the proposition that new parties and claims may be added before an administrative decision in an amended complaint after the two-year period has run.

Plaintiffs also argue, citing *Avila*, that the amended claim should relate back to the original claim because the injuries arise from the same occupational circumstances and the government was put on constructive notice that Georgia Ann's parents would incur recoverable losses. The United States relies upon the *Manko* case. There are no Tenth Circuit opinions on this issue. Of the two, I find that *Manko* is the better reasoned opinion. I decline to follow *Avila* for the same reasons explained in the *Manko* opinion.

In *Manko,* an administrative claim was made by a man injured by the Swine Flu Vaccine. The injured man's wife sought damages for loss of consortium at the time the suit was brought to the district court. The district court denied her claim because it had not been brought to the appropriate administrative agency. Mrs. Manko then filed a new claim with the administrative agency and this claim was denied. The husband then attempted to amend the administrative complaint naming the wife as co-plaintiff in order to have it relate back to the date of the original filing. This claim was also denied. *Id.* at 838–39.

In *Manko,* the husband and wife argued that the husband's claim served as adequate notice of Mrs. Manko's claim. The court looked to the legislative history of the act and determined that Congress intended to create a system by which an administrative agency could resolve "specific claims for specific amounts of money." *Id.* at 840. The *Manko* court stated that in keeping with the purpose of the limitations statute "reasonably diligent presentation of tort claims against the government" is required. *Id.* at 840 quoting *Kubrick,* 444 U.S. at 123, 100 S.Ct. at 360 (fn. omitted). Thus, the court rejected the Manko's argument. Although the court recognized that the description of the injuries may have suggested that the wife could have a claim, the court found that the husband's claim did not notify the government that the wife was also a claimant or the amount of her claim. The court held that this was insufficient.

The *Manko* court stated that:

amendments which add new claims or increase the amount of damages sought change the government settlement calculus. Section 2401(b) permits such changes for up to two years after the claim accrues, but after that time, we think that Congress intended all claims already submitted to become final in their material respects. Allowing material changes in claims after that period would severely disrupt the settlement process. Our conclusion also accords with the fact that Section 2401(b) is a condition of waiver of the sovereign immunity of the United States and we must strictly construe the statute to avoid extending the waiver.

*Manko,* 830 F.2d at 841–42.

The same reasoning holds true in this case. Although the agency may have been aware that the parents of Georgia Ann Lee could have a claim, this cannot be construed as a "reasonably diligent presentation of a tort claim against the government." *Kubrick,* 444 F.2d [U.S.] at 133 [123, 100 S.Ct. at 360]. The original claim did not notify the government of the nature of the parents' claim, the amount of the parents' claim, or that the parents were claimants in their own rights. Allowing the parents' amended complaint in this case would, therefore, violate congressional intent to create a system for administrative agencies dealing with specific claims. For all these reasons, the parents' claim cannot relate back to the original claim.

Finally, I recognize this determination disposes of what may have been valid claims of the parents. I do not understand why plaintiffs' attorney presented these claims so late. However, because the claim of Angela Lee and Robert H. Lee was not made in compliance with the statute, I must grant defendant's motion to dismiss for lack of subject matter jurisdiction.

IT IS SO ORDERED.

/s/ [Signature]
SENIOR UNITED STATES DISTRICT JUDGE

ATTORNEYS

For Plaintiffs:

John R. Westerman
Attorney at Law
2901 E. 20th Street
Farmington, N.M. 87402

For Defendant:

Marilyn S. Johnson
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103