977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald HILL, Plaintiff-Appellant,
v.
Steven KOON, Captain, Defendant-Appellee.
Donald HILL, Plaintiff-Appellee
v.
Steven KOON, Captain, Defendant-Appellant.
Raymond WILKINS, Plaintiff-Appellant,
v.
Steve KOON, Captain, Defendant-Appellee.
 Nos. 90-15362, 90-15423, 91-16495, and 90-15434.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1992.*
Decided Oct. 19, 1992.
As Amended on Denial of Rehearing and Rehearing
En Banc Dec. 18, 1992.
 
 Before CHOY, ALARCON and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Inmates Donald Hill and Raymond Wilkins appeal pro se the district court's decision in their 42 U.S.C. § 1983 action against Steve Koon, Associate Warden at the Nevada State Prison, and other prison employees. Koon cross appeals as a result of the same decision. The district court had jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. This court has jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 * Hill and Wilkins argue that the district court erred when it found that the digital body cavity searches administered March 8, 1987, were constitutional. In particular they contend that the searches violated their Fourth Amendment rights because they were ordered without sufficient cause to believe that Hill and Wilkins were concealing drugs and because they did not serve a valid penological purpose. Hill and Wilkins do not challenge the district court's finding that the searches were constitutional under the Eighth and Fourteenth Amendments.
 
 
 4
 This circuit has established that three requirements must be satisfied in order for a digital body cavity search of a inmate to be constitutional under the Fourth Amendment. First, there must be reasonable suspicion to believe that the person searched is concealing contraband. Vaughan v. Ricketts, 950 F.2d 1464, 1469 (9th Cir.1991). In addition to reasonable suspicion, there must also be a valid penological need for the search. Tribble v. Gardner, 860 F.2d 321, 325 (9th Cir.1988). Finally, the search must be conducted in a reasonable manner. This requires considering whether the search was performed in private by trained personnel under hygienic conditions. Vaughan v. Ricketts, 859 F.2d 736, 741 (9th Cir.).
 
 
 5
 An analysis of the record confirms that there was reasonable suspicion to believe that Hill and Wilkins were concealing drugs. Koon knew that Hill and Wilkins had a history of drug use and were suspected of drug trafficking. In addition, information had come to his attention that the people visiting Hill and Wilkins on March 8, 1987, were smuggling drugs during the visitation periods. In light of tips from both inside and outside the prison that drugs would be passed during the visitation period on March 8, 1987, Koon had reason to be concerned.
 
 
 6
 Further suspicion was raised immediately following the visitation period when a sandwich baggy was uncovered during an inspection of the visiting room cesspool. It is well known that visitors who smuggle drugs into prison place them in sandwich baggies and tubes before inserting them in their body cavities. They then remove the drugs in a restroom and pass them to the inmates during some sort of diversion. The inmates then insert the drugs into their anal cavities and transport them inside the prison.
 
 
 7
 Finally, during an interview of Hill and Wilkins following the visitation period, Koon received a tip that inmates participating in visitation that day might have concealed drugs in their body cavities. Aware that a strip search and clothing search had already been performed and had failed to uncover anything, Koon ordered a digital body cavity search. Based on the large amount of incriminating information he had in his possession, Koon had reasonable suspicion to believe that Hill and Wilkins were concealing drugs in their anal cavities.
 
 
 8
 In addition to the existence of reasonable suspicion, there was a valid penological need for the searches performed on March 8, 1992. Armed with cause to believe that Hill and Wilkins were concealing drugs in their anal cavities, Koon wanted to prevent drugs from being introduced into the prison. This, of course, is crucial if drug use is to be deterred and order is to be maintained in the prison.
 
 
 9
 Finally, there is no question that the March 8, 1987, searches were performed in a reasonable manner. The record reveals that they were conducted in the prison infirmary by trained personnel using sterile gloves and lubricating oil. Moreover, the searches were brief, lasting no more than 20 seconds, and were performed in businesslike fashion.
 
 
 10
 Thus, because the March 8, 1987, searches were founded on reasonable suspicion, and because they were conducted for a valid penological purpose in a proper manner, we affirm the district court's determination that these searches did not violate Hill's and Wilkins' Fourth Amendment rights.
 
 II.
 
 11
 In his cross-appeal, Koon challenges the district court's finding that the digital body cavity search performed on April 9, 1987, violated Hill's Fourth Amendment rights. Specifically, he argues that the district court's conclusion that this search was unreasonable is flawed because it applied the wrong standard of suspicion. The district court found that Koon did not have probable cause for the search. Koon contends that reasonable suspicion, and not probable cause, is the standard required to justify a digital body cavity search of an inmate. Because he had reasonable suspicion that Hill was concealing drugs in his anal cavity on April 9, 1987, Koon argues that the digital body cavity search performed that day was constitutional.
 
 
 12
 We agree. The district court erred when it required Koon to demonstrate that he had probable cause for the April 9, 1987 search. As discussed above, the correct inquiry is whether Koon had reasonable suspicion to justify the search.[1] Our analysis of the record reveals that he did.
 
 
 13
 Koon had information that Hill was in constant possession of drugs and that he concealed them in his anal cavity. In addition, on April 6, 1987, Koon was given a tip that Hill had received dilaudids and that they had not yet been distributed. Only three days later Hill was found in his cell under the influence of drugs, as indicated by his excited and nervous nature, the fact that he appeared intoxicated, and the fresh needle marks on the inside of his arm. Under these circumstances, Koon could have concluded that Hill still had possession of the dilaudids and that he was storing them in his anal cavity. As a result, Koon had reasonable suspicion to justify the digital body cavity search.
 
 
 14
 The district court also found that there was not a valid penological need for the April 9, 1987, search. This conclusion was based on its finding that Koon failed to perform less intrusive searches before he ordered the digital body cavity search. According to the district court, this indicated that the digital body cavity search was administered for punitive or coercive reasons.
 
 
 15
 We do not agree with the district court's analysis. Although the failure to perform less intrusive searches is a factor in considering whether a digital body cavity search was conducted for a valid penological purpose, it is not determinative. In this case, Koon did not perform less intrusive searches because he reasonably concluded that Hill was concealing drugs in his anal cavity. To search elsewhere first would have been unproductive. As a result, we find that Koon did not order the April 8, 1987, search for punitive or coercive reasons. Instead, we find that the search was performed for the valid penological purpose of preventing drug use and drug trafficking in the prison.
 
 
 16
 The April 9, 1987, search was also conducted in a reasonable manner. Like the March searches, it was performed in the prison infirmary by trained personnel under sterile conditions. It lasted only five seconds and was done in a businesslike manner.
 
 
 17
 Thus, because the April 9, 1987, search was founded on reasonable suspicion and because it was conducted for a valid penological purpose and in a reasonable manner, we reverse the district court's determination that this search violated Hill's Fourth Amendment rights. As a result, we find it unnecessary to reach the issues of qualified immunity, damages, and attorney's fees. We remand to the district court with instruction to enter judgment in favor of Koon.
 
 III.
 
 18
 In addition to arguing that the district court erred in holding that the March 8, 1987, was constitutional, Wilkins contends that the district court made a host of errors which require a new trial. We have considered each of these arguments and found them to be without merit.
 
 
 19
 AFFIRMED in part and REVERSED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We realize that the parties stipulated in the district court that the digital body cavity searches would be evaluated under a "reasonable cause" standard. However, it is well established that a stipulation of law is not binding upon an appellate court. Avila v. INS, 731 F.2d 616, 620 (9th Cir. 1983). Because the Ninth Circuit has established that reasonable suspicion is the appropriate standard for determining the propriety of digital body cavity searches performed on prison inmates, we choose not to apply the parties' stipulation in this case