Stewart L. BENJAMIN and Kathryn
E. Benjamin, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. Civ.A. 99–K–62.

United States District Court,
D. Colorado.

Feb. 22, 2000.

Dale S. Carpenter III, Dale S. Carpenter III, P.C., Lakewood, CO, for Plaintiffs.

Kurt J. Bohn, U.S. Attorney's Office, Civil Div., Denver, CO, for U.S.

William J. Kowalski, Colleen Ann O'Laughlin, Caplan & Earnest, L.L.C., Boulder, CO, for Jefferson County School Dist. R–1 Bd. of Educ.

## ORDER ON MOTION TO DISMISS

KANE, Senior District Judge.

Husband and wife Stewart and Kathryn Benjamin filed this action against the United States Government under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, seeking damages arising from injuries Mr. Benjamin suffered in an October 1997 automobile accident involving a Federal Protective Service emergency vehicle. The government moves pursuant to Fed.R.Civ.P. 12(b)(1) for the dismissal of various aspects of the Benjamins' first and third claims for relief. Specifically, the government seeks to limit Mr. Benjamin's claim for damages to the extent it exceeds the amount asserted in his administrative claim, and seeks the dismissal entirely of Mrs. Benjamin's loss of consortium claim on grounds she had not filed a timely administrative claim as she was required to do to preserve such a cause of action under the FTCA.

*Allegations in the Complaint.*

Plaintiffs' allegations are as follows. On October 30, 1997, at the intersection of West 2nd Place and Van Gordon Court, a Federal Protective Service officer drove his emergency vehicle into the intersec-

tion, striking a vehicle driven by an employee of the Jefferson County School District who in turn, struck a Ford pickup truck operated by Mr. Benjamin (Compl. at 3). On April 3, 1998, Benjamin, through his attorney, filed a claim with the General Services Administration, Standard Form 96 (Ex. A). Benjamin claimed he had suffered neck and back injuries as a result of the accident and had also exacerbated a previously existing neck injury causing significant loss of time from work and increased pain and suffering. Benjamin claimed property damage to his Ford pickup truck in the amount of $5,000 and "estimate(d)" the value of his personal injury claim at "$50,000" (Ex. A). On July 13, 1998, the General Service Administration informed Benjamin his administrative claim was "denied in its entirety" (Ex. C). Mrs. Benjamin did not file an administrative claim (Ex. B). On January 11, 1999, Plaintiffs filed this action. Plaintiffs' Amended Stipulated Discovery & Scheduling Order indicates that Benjamin now claims economic damages in excess of $91,-000 in addition to other non-economic damages.

### Standard of Review

■ The FTCA represents a waiver of the United States' immunity and must, therefore, be strictly construed. *Pipkin v. U.S. Postal Service,* 951 F.2d 272, 275 (10th Cir.1991). Proper presentation of the administrative claim is a jurisdictional prerequisite to suit, one which the courts have no authority to waive. *Hart v. Dep't. of Labor,* 116 F.3d 1338, 1339 (10th Cir. 1997).

> When ... a party attacks the factual basis for subject matter jurisdiction, the court may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts. Reference to evidence outside of the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances.

*SK Finance SA v. La Plata County Bd. of County Comm'rs,* 126 F.3d 1272, 1275 (10th Cir.1997) (citation omitted).

### Merits

#### A. Government's Motion to Limit Benjamin's Damages on the First Claim.

Federal jurisdiction to entertain actions for damages against the United States is prescribed by 28 U.S.C. § 2675(a), which requires claimants to present their claims to the appropriate federal agency before suing the United States by filing "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."

Benjamin, through his attorney, filed a claim with the General Services Administration (GSA) on April 3, 1998, seeking $5,000 for property damage and an "estimate(d)" $50,000 for personal injury (Ex. A). On July 13,1998, the GSA notified Benjamin that his administrative claim had been "denied in its entirety" (Ex. C). At no time before the GSA's action had Benjamin or his attorney sought to amend the administrative claim to adjust the amount of damages asserted. Nevertheless, Benjamin's statement of claims in the parties' Amended Stipulated Discovery and Scheduling Order, dated August 26, 1999, now seeks economic damages in excess of $91,-000 related to the accident in addition to other unspecified non-economic damages.

Because the FTCA sum-certain claim requirement is to be strictly construed, the government argues Benjamin's claim for damages must be dismissed by the amount it exceeds the $55,000 set forth in Benjamin's administrative claim (Mot. at 4). Benjamin counters that his additional damages are based on the disabling and constant pain he has suffered since the accident, and the financial and other losses that have flowed therefrom (Reply at 5). Benjamin describes his depression, a diagnosis of post-traumatic stress disorder, pain management, and the disabling impact of each, and asserts he became aware

of these damages only after he filed his April 1998 administrative claim (Reply at 5).

The Federal Tort Claims Act provides: Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based on newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b) (1999). As succinctly stated in *Reilly v. U.S.*, 863 F.2d 149 (1st Cir.1988), the standard for obtaining an exception under § 2675(b) is high. "The goal of the administrative claim requirement is to let the government know what it is up against: mandating that a claimant propound a definite monetary demand ensures that the government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions." *Id.* at 173 (citing S.Rep. No. 1327, 89th Cong., 2d Sess. 2, reprinted in 1966 U.S.Code Cong. & Admn.News 2515, 2516). As between a prospective defendant and prospective plaintiff, the "the latter is in by far the better position to determine the worst-case scenario or, if uncertain, to paint the picture as bleakly as reason permits and conscience allows." *Id.* "If a plaintiff misjudges, as to matters known or easily deducible when his claim is filed," the court deemed it "more equitable," given the narrow purpose and construction of the FTCA's waiver of sovereign immunity, for "[him] to bear the burden of miscalculation than to impose it on the [government]." *Id.*

Thus in *Reilly*, the First Circuit reversed the district court's finding that the fact " 'the worst possibilities [for the subject child's prognosis] had materialized' " warranted allowing her parents to recover damages in excess of the cap established in their administrative claim. 863 F.2d at 173 (quoting from district court opinion).

The Court found the child's condition was dire from the start and, though not certain, her lack of progress was "largely anticipated, and reasonably foreseeable, when the administrative claim was filed." *Id.* Agreeing with the Fifth Circuit's conclusion in *Low v. United States*, 795 F.2d 466, 470 (5th Cir.1986), the Court stated "the fact that the degree of disability was uncertain was, in and of itself, inadequate to trigger the exception to § 2675(b). *Id.* Unfortunately for Benjamin, that same reasoning holds here."

■ While Benjamin attempts to characterize the "constancy" of his pain and the "extent" of his depression as "unknowable" and "unforeseeable" at the time of his administrative filing, there is nothing in his submissions that suggests these conditions are significantly different from what was expected in his case or what would be expected in a "normal" automobile accident case involving a back injury. In fact, Benjamin's argument is to the contrary. Benjamin asserts his "conditions, as is *normal* in personal injury cases," have simply been "identified and stabilized to the point that it became reasonable for [him] to obtain a professional economic analysis of the impact of this accident." (Pl. Response to Mot. Dismiss at p. 7 (emphasis added).) Hence Benjamin's argument is less that he has suffered an unanticipated deterioration in his condition or unforeseeable additional injuries that justify circumventing the administrative ad damnum clause by $41,000, but that his accident-related injuries have now accumulated and leveled-off to the point where they can be more accurately quantified. This is not a basis for overriding the ad damnum clause.

Benjamin's reliance on *Powers v. United States*, 589 F.Supp. 1084, 1109 (D.Conn. 1984) to argue his "unawareness of the full medical extent of his injuries and expenses" at the time of the administrative complaint triggers the "new evidence" exception to § 2675(b) is misplaced. The administrative claim in *Powers* was filed several years before the federal lawsuit,

after a "substantial deterioration" both of the plaintiff's cervical fusion surgery-related paralysis and of his wife's health. *Id.* at 1110. These factors resulted in an "unanticipated need for extensive nursing care," which the court determined warranted a departure from the § 2675(b) ad damnum clause. *Id.* No such intervening circumstances have been averred or demonstrated here. I find Benjamin's situation more analogous to that presented in *Robison v. United States,* 746 F.Supp. 1059, 1063–64 (D.Kan.1990), where the court rejected plaintiff's assertion that he was unaware and "could not have been made aware" at the time of his administrative claim of the extent of his permanent impairment, because "[i]t was only when his injury had more time to heal that the degree of impairment could be calculated." *Id.* at 1064 (applying *Reilly* and denying request for relief from § 2675(b) ad damnum clause).

While Benjamin may offer Dr. Pacey's testimony and any other evidence to prove the amount of his actual damages in this case, his recovery will be limited to the amount set forth in his administrative claim.

**B.** *Mrs. Benjamin's Loss of Consortium Claim*

The FTCA provides:

an action shall not be instituted upon a claim against the United States for money damages for ... personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency.

28 U.S.C. § 2675(a).

■ The purpose of this requirement is to facilitate settlement and to inform the agency whether the claim is for more than $25,000 and the approval of the Attorney General is needed to settle a claim under 28 U.S.C. § 2672. *Burkins v. United States,* 865 F.Supp. 1480, 1490 (D.Colo.

1994). The requirement is jurisdictional and can not be waived. *Hart v. Dep't of Labor,* 116 F.3d 1338, 1339 (10th Cir.1997). Because Kathryn Benjamin filed no claim with the GSA, her loss of consortium claim is barred.

Plaintiffs contend that under Colorado law, Mrs. Benjamin's claim is derivative of those properly asserted by her husband such that they are preserved even without exhaustion of administrative remedies. Plaintiffs rely on 1986 Colorado Supreme Court case holding that while loss of consortium constitutes an injury within the meaning of the Colorado Governmental Immunity Act giving rise to a separate right of recovery on behalf of the spouse suing for loss of consortium, it is derivative in relation to her husband's claim for purposes of contributory negligence. *Lee v. Colo. Dep't. of Health,* 718 P.2d 221, 229 (Colo.1986). The analogy is tenuous to say the least, and applying the derivative claim theory in FTCA cases would nullify the express language of the Act. Specifically, the FTCA provides that each claimant must exhaust his or her administrative remedies before filing a case in district court. Not only did Kathryn Benjamin fail to file an administrative claim on her own behalf, but Stewart Benjamin failed to identify her or her claim in his.

■ More instructive is the case of *Pipkin v. U.S. Postal Serv.,* 951 F.2d 272 (10th Cir.1991), involving application of a substantively identical federal ad damnum clause, where the Tenth Circuit affirmed the dismissal of a wife's loss of consortium claim because she failed to exhaust her own administrative remedies with respect to such claim and her husband failed to mention it in his administrative filing. *Id.* at 273. *See Lee v. United States,* 980 F.2d 1337, 1341 (10th Cir.1992) (adopting district court's opinion endorsing similar holding in *Manko v. United States,* 830 F.2d 831 (8th Cir.1987), where husband's filing of an administrative claim was deemed insufficient to notify the government of his wife's loss of consortium

claim). Plaintiffs' efforts in their response brief to distinguish *Pipkin* are technical and unpersuasive. Stewart Benjamin's failure to identify his wife or her claim in his administrative filing and Kathryn Benjamin's failure to file an administrative claim on her own behalf bars such a claim from being asserted here. Accordingly, Kathryn Benjamin's loss of consortium claim is DISMISSED.

IT IS SO ORDERED.