MEMORANDUM *
Gabriel Jara-Arellano petitions for review of the Board of Immigration Appeals’s (“BIA”) decision affirming an Immigration Judge’s (“IJ”) denial of his applications for asylum, withholding of removal, and Convention Against Torture (“CAT”) protection. We have jurisdiction pursuant to 8 U.S.C. § 1252.
We have jurisdiction over Jara-Arellano’s particularly serious crime claim because the BIA decided to address it, as the dissent acknowledges. See Kin v. Holder, 595 F.3d 1050, 1055 (9th Cir.2010) (“[S]ince the BIA elected to ignore the procedural defect and consider the argument on its substantive merits, the reviewing court [may] not then decline to consider the issue.”); Dissent at 11-12. In so doing, the BIA ensured that we would not be reviewing this claim for the first time on appeal. Thus, the argument is not waived.
In determining whether one of Jara-Arellano’s convictions is a particularly serious crime barring him from asylum and withholding from removal, the BIA must provide a “clear explanation” of its decision. See Delgado v. Holder, 648 F.3d 1095, 1107-08 (9th Cir.2011). Here, however, the BIA, like the IJ, offered only a statement of conclusion that Jara-Arellano was statutorily ineligible for asylum and withholding of removal because he had been convicted of at least one particularly serious crime. See Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir.2010) (stating that where “the BIA’s phrasing seems in part to suggest that it did conduct an independent review of the record, but the BIA’s analysis on the relevant issues is confined to a simple statement of a conclusion,” we examine “the IJ’s oral decision as a guide to what lay behind the BIA’s conclusion.” (internal quotation marks omitted)). Neither the IJ nor the BIA provided any reasoning, explanation, or analysis for its conclusion. Yet “[w]ithout knowing the basis of the Board’s decision, we cannot conduct a meaningful review.” Delgado, 648 F.3d at 1108; see also Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir.2005) (‘We have long held that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions.”).
Understandably, the BIA and the IJ may have provided these short conclusions because of the stipulation made before the IJ by the government and Jara-Arellano that Jara-Arellano had committed at least one particularly serious crime, although the BIA’s decision makes no mention of the stipulation. However, the classification of Jara-Arellano’s convictions is a question of law that we review de novo. See Cazarez-Gutierrez v. Ashcroft, 382 F.3d 905, 909 (9th Cir.2004) (“Whether an offense is an aggravated felony under the INA is a legal question subject to de novo review.”). It is well established that “[a] stipulation of law is not binding upon an appellate court.” Avila v. INS, 731 F.2d 616, 620 (9th Cir.1984) (citing Swift & Co. v. Hocking Valley Ry. Co., 243 U.S. 281, *546 289, 37 S.Ct. 287, 61 L.Ed. 722 (1917), and L.A. Shipbuilding & Drydock Corp. v. United States, 289 F.2d 222, 281 (9th Cir.1961)). Because we have only the BIA’s mere statement of conclusion, we are left without a basis for reviewing its decision. Delgado, 648 F.3d at 1108. We therefore remand to the BIA so that it can provide a clear explanation for its particularly serious crime holding.
We grant the government’s request for remand to the BIA so that the BIA can reconsider the government acquiescence element of Jara-Arellano’s CAT claim. Upon remand, the BIA should consider all relevant evidence concerning the “efficacy of the [Mexican] government’s efforts to stop the drug cartels’ violence.” Madrigal v. Holder, 716 F.3d 499, 509 (9th Cir.2013).
We reject Jara-Arellano’s claim that under the Fifth Amendment, the government may not place him in harm’s way because his prior assistance to law enforcement created a “special relationship” between him and the government. As Jara-Arella-no concedes, none of our cases have extended this principle to the asylum, withholding, and CAT context.
Each party shall pay its own costs on appeal.
PETITION GRANTED in part; DENIED in part; REMANDED with instructions.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.