36 F.3d 1097
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Taaron SCHAFFER, a minor, by her mother and next friend,
Constance SCHAFFER; Leah Schaffer, a minor, by her mother
and next friend, Jeanne Schaffer; Constance Schaffer,
individually and as administrator of the estate of Gary L.
Schaffer, deceased; Jeanne Schaffer, individually and as
administrator of the estate of David Schaffer, deceased,
Plaintiffs-Appellants,
v.
A.O. SMITH CORPORATION, et al., Defendants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-3764.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1994.
 
 Before: JONES and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs-Appellants Jeanne and Constance Schaffer appeal the district court's dismissal of their claim for a lack of jurisdiction. We affirm the dismissal based upon the claimants' failure to comply with the requirements of the Federal Tort Claims Act, and their failure to cure the deficiency before the statute of limitations expired.
 
 I.
 
 2
 Gary and David Schaffer, brothers, were dairy farmers in Monroeville, Ohio. On June 26, 1989, their bodies were found in a pit containing liquified manure. Both Gary and David had drowned in the pit, which was used as part of a manure system on the farm.
 
 
 3
 On June 20, 1991, a claim was filed with the Department of Agriculture on behalf of each of the brothers' estates by Constance Schaffer, Gary's widow, and Jeanne Schaffer, David's widow. The claim, which was filed pursuant to the Federal Tort Claims Act ("FTCA"), alleged that an engineer working for the Department of Agriculture had negligently designed the lid of the manure pit. However, the claim did not request a specific amount of compensation, but rather made only general reference to a request for "monetary damages."
 
 
 4
 On June 25, 1991, a wrongful death claim was filed by the surviving Schaffers in the Northern District of Ohio, seeking ten million dollars in damages for the deaths of Gary and David. The government filed a motion to dismiss on September 4, 1991. The government alleged that the Schaffers had not exhausted their administrative remedies, and thus were barred from bringing the current claim against the government.
 
 
 5
 Before the trial judge could rule on the government's motion, the Schaffers, on September 12, 1991, filed an amendment to their notice of claim letter, which increased the claimed damages to twenty-five million dollars. The Schaffers also filed an amended complaint, on June 29, 1992. The government filed a second motion to dismiss at this time, asserting that the Schaffers' initial notice of claim, filed with the Department of Agriculture, was insufficient, thus precluding the district court's jurisdiction.
 
 
 6
 The district court granted the government's motion on November 10, 1992, finding that it lacked jurisdiction due to the Schaffers' failure to specify a sum certain in the claim filed with the Department of Agriculture. In so holding, the court rejected the Schaffers' argument that the subsequent inclusion of a sum certain in the complaint filed in the district court cured the defective claim. The court granted the Schaffers' motion that the decision be deemed final, hence permitting an immediate appeal. This appeal followed.
 
 II.
 
 7
 On appeal, the Schaffers allege that the district court erred by finding that the defective claim filed with the Department of Agriculture was not cured by their complaint, filed in the district court on June 25, 1991, or their letter amending the notice of claim, filed on September 12, 1991.
 
 
 8
 The Federal Tort Claims Act requires that before a party may bring a tort action against the United States, a claim must first be submitted to the proper federal agency. See 28 U.S.C. Sec. 2675(a).[1] The statute of limitations for bringing such an action is provided in Sec. 2401(b), which states that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." A failure to comply with the filing requirements of Sec. 2675(a) within the applicable two year time limit will bar the court's exercise of jurisdiction over the case. Rogers v. United States, 675 F.2d 123, 124 (6th Cir.1982) ("There is no equitable exception to the jurisdictional prerequisites of the Federal Tort Claims Act in this Circuit....").
 
 
 9
 In Douglas v. United States, this court determined "that the requirements of Sec. 2675 are met 'if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.' " 658 F.2d 445, 447 (6th Cir.1981) (quoting Adams v. United States, 615 F.2d 284, 289 (5th Cir.1980)) (emphasis added). See also 28 U.S.C. Sec. 2675(b) ("Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency ..."); 28 C.F.R. Sec. 14.2(a) ("For purposes of the provisions of 28 U.S.C. ... 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant ... written notification ... accompanied by a claim for money damages in a sum certain...."). Thus, an essential element of a validly filed agency claim is the inclusion of a specific damage request.
 
 
 10
 A. THE FILING OF THE FEDERAL COMPLAINT.
 
 
 11
 In the instant case, the Schaffers do not contest the fact that the claim they filed with the Department of Agriculture was technically invalid in that it did not contain a sum certain request for damages but instead included only a generic request for compensation.[2] See Schaffer Br. at 11. However, the Schaffers maintain that this failure to technically comply with the statutory requirements was cured by the subsequent complaint, which they filed in the district court on June 25, 1991. In this complaint, the Schaffers included a specific demand for ten million dollars in damages. Appellants cite United States v. Williams, 693 F.2d 555 (5th Cir.1982), in support of their position.
 
 
 12
 In Williams, the Fifth Circuit found that the defect in a preliminary claim, filed with the appropriate federal agency, which failed to state a sum certain, was cured by reference to a complaint filed by the plaintiff in state court, which included this necessary information. Id. at 558. The Williams court thus permitted the federal suit, stating:
 
 
 13
 [i]t is clear that [the plaintiff] filed an administrative claim within two years of the date he was injured; it is also clear that the government was apprised of the specifics of that claim by the information contained in his state court complaint. Both of these acts, taken together, satisfy the notice requirement of Sec. 2675 of the Tort Claims Act.
 
 
 14
 Id. The Schaffers urge this court to apply the holding in Williams to the instant case. We decline their invitation.
 
 
 15
 If the exhaustion of administrative remedies were not a necessary prerequisite to the filing of a federal tort suit, the Schaffers' position may be of some merit. However, to allow federal tort complaints to supplement defective agency claims directly contradicts the language of the exhaustion requirements of the FTCA. This language requires that exhaustion must be achieved in advance of the federal tort suit, not merely in conjunction with it. See 28 U.S.C. Sec. 2675(b) ("An action shall not be instituted ... unless the claimant shall have first present[ed] the claim to the appropriate Federal agency...."). Consequently, allowing the federal suit to satisfy its own condition precedent not only puts the cart before the horse, but flatly ignores the plain language of the statute.
 
 
 16
 In addition, allowing an incomplete administrative claim to be cured by a federal complaint directly contradicts the purpose of administrative exhaustion. The rationale motivating the exhaustion requirement is that it will presumably "ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." S.Rep. No. 1327, 89th Cong., 2d Sess. 6, reprinted in 1966 U.S.C.C.A.N. 2515, 2516 (1966). As the Supreme Court noted in McNeil v. United States:
 
 
 17
 The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.... The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.
 
 
 18
 113 S.Ct. 1980, 1984 (1993) (emphasis added).
 
 
 19
 Accordingly, the filing of administrative claims is not merely an additional option that litigants may elect to pursue at their convenience. Rather, exhaustion is a necessary prerequisite to the invocation of federal jurisdiction that is intended to reduce the number of suits that ever actually proceed to the federal courts. See McNeil, 113 S.Ct. at 1983-84 n. 7 (noting that use of the exhaustion requirement will make it likely that "claims which are found to be meritorious can be settled more quickly without the need for filing suit"). To allow information filed in connection with the federal suit to satisfy various elements of the exhaustion requirement is necessarily inconsistent with this central purpose. We therefore reject the Schaffers' request to consider the federal complaint an adequate cure to their defective administrative claim.
 
 
 20
 B. THE SEPTEMBER 12, 1991 LETTER.
 
 
 21
 The Schaffers next argue that the September 12, 1991 letter, which was dated after the expiration of the two-year statute of limitations, and which included information regarding a sum certain request for damages should have been deemed as amending the defective claim.[3] The district court rejected this argument noting that "[a]lthough plaintiffs' supplemental claim, dated September 12, 1991, would have otherwise satisfied the second prong of Douglas, it was not filed within the two-year period for presentment. The Court further holds that the supplemental claim did not relate back to the date of the initial notice." J.A. at 240-41.
 
 
 22
 In an attempt to evade the result in the district court, the Schaffers direct this court's attention to Avila v. INS, 731 F.2d 616 (9th Cir.1984), in support of the proposition that the supplemental claim need not have been filed within the two-year statutory limit to be a valid amendment of the defective claim. However, Avila is of no assistance to the Schaffers' position.
 
 
 23
 In Avila, Jesus Avila filed suit on behalf of his mentally incompetent son, Daniel Cardona, for various injuries Daniel suffered as a result of his mistaken deportation. Avila filed a claim in his son's name against the government alleging $50,385 in damages. However, he signed the claim with his own name without further verification of his ability to file suit on behalf of his son. The claim was denied by the INS, based upon its conclusion that Avila had failed to comply with the regulatory requirement that any "claim presented by an agent or legal representative ... be accompanied by evidence of his authority to present a claim on behalf of the claimant...." Avila, 731 F.2d at 619 (emphasis removed) (quoting 28 C.F.R. Sec. 14.3). The lower court similarly dismissed Avila's federal suit, concluding that it lacked jurisdiction to hear the claim because of Avila's failure to technically comply with federal regulations. The Ninth Circuit reversed.
 
 
 24
 On appeal, the Ninth Circuit found that a subsequent amendment to Avila's claim, stating his representational capacity, cured any defect in the original claim. The court went on to find that even though this amendment was filed after the two-year statute of limitations had lapsed that "[t]he son's claim was filed well within the two-year statute of limitations provided by section 2401(b) for the presentation of claims to the agency involved. As that claim was amended to include the father's claim, Jesus' claim is not jurisdictionally barred." Id. at 620.
 
 
 25
 The Schaffers urge that a similar result be reached in the instant case. However, the reasoning of the Avila court is not applicable to the case at bar. In Avila, the court determined that only two requirements must be met before a federal court might properly exercise jurisdiction over a tort case:
 
 
 26
 a jurisdictional claim is presented when the minimal requirements of (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation and (2) a sum certain damages claim are met. Any other requirements imposed by administrative regulations pursuant to section 2672 are not a bar to jurisdiction by the federal courts.
 
 
 27
 Id. at 619 (internal citation omitted). Thus, the tardy amendment of a defective claim was allowed in Avila because the defect complained of stemmed from the failure to comply with a mere federal regulation, not one of the two jurisdictional prerequisites. Id. at 619 ("[J]urisdictional limitations on tort claims against the federal government do not encompass regulations promulgated pursuant to the agencies' claims settlement authority.").
 
 
 28
 Quite to the contrary in the instant case, the failure to state a sum certain in damages is not a mere regulatory requirement, but is instead, as the Avila court noted, a jurisdictional prerequisite. Id. See also Glarner v. United States, No. 93-5444, --- F.3d ----, slip opinion at 2 (6th Cir. July 26, 1994) (holding that the sum certain requirement, "while technical, is a prerequisite for filing a FTCA claim in this circuit."). The rule adopted in Avila is thus inapplicable here.
 
 
 29
 The Schaffers further urge reversal of the district court by arguing that the September 12, 1991 letter, which was filed beyond the statute of limitations should be "related back" to the timely yet defective claim under Fed.R.Civ.P. 15(c).
 
 Rule 15(c) provides in relevant part that:
 
 30
 An Amendment of a pleading relates back to the date of the original pleading when ...
 
 
 31
 (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....
 
 
 32
 Fed.R.Civ.P. 15(c). The provisions of this rule may have been applicable were the Schaffers attempting to amend a properly filed claim. See, e.g., Avila, 731 F.2d at 619-20 (allowing the amendment of a proper claim to "relate back" to the original claim). However, federal regulations instruct that a claim may not be amended unless it has been properly filed in the first instance.[4] 28 U.S.C. Sec. 14.2(c) ("A claim presented in compliance with paragraph (a) of this section may be amended by the claimant...."). See also Wardsworth v. United States, 721 F.2d 503, 505 (5th Cir.1983) ("A claim may be amended, but, significantly, the right to amend arises only as to a claim presented in compliance with [applicable requirements.]"), cert. denied, 469 U.S. 818 (1984).
 
 
 33
 The Schaffers did not present a proper claim within the two-year statutory period. Accordingly, because the claim was not properly filed in the first instance, Sec. 14.2 instructs that they had no right to amend the claim by submission of the September 12, 1991 letter. The Schaffers claim thus remains defective and prevents filing of a federal suit.
 
 III.
 
 34
 The Schaffers have failed to comply with a statutory prerequisite of exhaustion. Thus, for the reasons stated above, we affirm the district court's dismissal of the within case.
 
 
 
 *
 The Honorable Joseph M. Hood, District Court Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Section 2675(a) states in relevant part:
 An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.
 
 
 [2]
 The claim that the Schaffers filed with the Department of Agriculture on June 20, 1991, stated in relevant part:
 By this letter the above claimants give notice that a claim is hereby made for monetary damages against the United States....
 J.A. at 302 (emphasis added).
 
 
 [3]
 On September 12, 1991, the Schaffers, through their attorney James Ball, sent a letter to the Department of Agriculture amending their claim of June 20, 1991. The letter stated "Please be advised that this amends our claim letter of June 20, 1991 to include that the Plaintiffs hereby demand $25,000,000.00 in damages against the United States Government, Department of Agriculture and W. Belcher." J.A. at 309
 
 
 [4]
 The Schaffers' point to this court's decision in Douglas v. United States, 658 F.2d 445, 447-48 (6th Cir.1981), to support their assertion that 28 C.F.R. Sec. 14.2 should not be applied here. In Douglas, the court found that "[t]hese regulations ... govern administrative settlement proceedings; they do not set federal jurisdictional prerequisites." Id. The Schaffers argue that this language requires a conclusion that Sec. 14.2 should therefore not be found to bar their amendment of their claim. However, their position does not accurately represent the language in Douglas. In finding that the regulations "do not set jurisdictional prerequisites," the Douglas court was simply noting, as did the court in Avila, that any additional requirements, such as those noted in Avila, set by the regulations are not prerequisites to the bringing of federal suit. This is not equivalent to the appellants' assertion that the regulations are not to be applied in federal suits