Karen F. PELTIER, Plaintiff,

v.

UNITED STATES of America, BU-
REAU OF ALCOHOL, TOBACCO
AND FIREARMS, Defendant.

No. 3:00 CV 7432.

United States District Court,
N.D. Ohio,
Western Division.

July 26, 2001.

Joel J. Kirkpatrick, Law Office of Joel
Kirkpatrick, Toledo, OH, for Plaintiff.

Lawrence J. Kiroff, Office of the United
States Attorney, Northern District of
Ohio, Toledo, OH, for Defendant.

## ORDER

CARR, District Judge.

This is an employment discrimination
case in which plaintiff Karen F. Peltier
alleges that defendant United States of
America, Bureau of Alcohol, Tobacco and
Firearms ("ATF") wrongfully terminated
her on the basis of gender and disability
discrimination and caused plaintiff great
mental and emotional stress as a result of
an unfounded criminal investigation. Jur-
isdiction arises pursuant to 28 U.S.C
§§ 1331, 1343, 1367 and 42 U.S.C.
§ 2000(e).

Pending is ATF's motion for partial
summary judgment, seeking dismissal of
plaintiff's state tort claim on the basis of
plaintiff's failure to file notice of the claim
with the proper federal agency as required
by the Federal Tort Claims Act, 28 U.S.C.
§ 2675. For the reasons that follow, de-
fendant's motion shall be granted.

## BACKGROUND

The amended complaint, filed by plain-
tiff on November 3, 2000, arose as a result
of plaintiff's discharge from employment
with ATF. Plaintiff alleges that following
an unfounded criminal investigation of her
by ATF, she was diagnosed with Post
Traumatic Stress Disorder resulting from
the investigation, which had found no
wrongdoing on her part. Plaintiff's psy-
chologist advised that plaintiff was unable
to return to work due to emotional and
mental health issues. Plaintiff contends
ATF failed to accommodate her disability
and terminated her due to her gender.
Plaintiff also alleges, under state common

law, that the unfounded criminal investigation constituted the tort of intentional infliction of severe emotional distress.

Plaintiff filed a complaint with the Equal Employment· Opportunity Commission ("EEOC") alleging a hostile work environment and wrongful termination. On January 25, 1999, plaintiff also wrote a letter to the Division Director of ATF, Richard Rawlins, appealing her termination of employment with ATF. Subsequently, plaintiff filed this complaint against ATF.

## ANALYSIS

ATF argues that its motion for partial summary judgment should be granted, because plaintiff's state law claim is barred for failure to file an administrative claim in compliance with § 2675(a). Section 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency...

In *Glarner v. United States*, 30 F.3d 697, 700 (6th Cir.1994), the Sixth Circuit held:

> In order for a person to file a tort claim under the FTCA, it is required that he 1) give written notice of a claim sufficient to enable the agency to investigate the claim and 2) *place a value (or "sum certain") on the claim.* (citing *Sellers v. United States*, 870 F.2d 1098, 1101 (6th Cir.1989)(emphasis added); see also *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir.1981)).

*Notice Requirement for Tort Claim*

Plaintiff cannot file a tort claim under FTCA because plaintiff failed to file a proper administrative claim with the ATF. Plaintiff argues that she "fulfilled the intent and spirit of the FTCA administrative notice requirements" by submitting her letter to the Division Director of ATF. The letter, dated January 24, 1999, is an appeal of her termination of employment with ATF. The letter makes no mention of a claim against the ATF and demands no monetary damages.

■ Pursuant to § 2675(a), an administrative claim must contain a sum certain to properly notify the federal agency. *Glarner*, 30 F.3d 697, 700. In *Glarner*, the court found that failure to place a sum certain on a claim "while technical, is a prerequisite for filing a FTCA claim in this circuit." *Id.* Plaintiff's letter failed to claim any amount in damages and is therefore not a properly submitted claim.[1]

In response, plaintiff argues that the monetary amount of the damages was unascertainable at the time the administrative claim was filed. Pursuant to § 2675(b):

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

In *Douglas v. United States*, 658 F.2d 445, 449 (6th Cir.1981), the court found the sum certain requirement was met if it enabled the agency to calculate a reason-

---

1. While it is doubtful that the letter even gave any notice to ATF that plaintiff was asserting a tort claim, its major flaw is its failure to have specified the sum certain, as required by § 2675.

able settlement figure. The court found that although the plaintiff's claimed sum certain allowed a generous amount for pain and suffering and was not an exact calculated amount, the claim did enable the agency to calculate a settlement figure. *Id.* However, in *Schaffer v. A.O. Smith Co.,* 1994 WL 520853, *3 (6th Cir.1994) (unpublished), the court ruled that a general reference to a request for monetary damages was not sufficient to meet the jurisdictional prerequisite of notification. The court found the administrative claim must specify the amount claimed to allow meritorious claims to be settled more quickly. *Id.*

■ Plaintiff's letter failed to enable the agency to calculate a reasonable settlement figure because the information in plaintiff's letter did not mention what monetary amount plaintiff was seeking. Indeed, plaintiff's letter never demanded monetary compensation. The letter only sought to get her job back, not payment for losing it. Therefore, plaintiff's letter failed to meet the notice requirements of § 2675 because it did not allow ATF to place a settlement value on the claim.

Finally, plaintiff argues that her EEOC filing satisfied the requirements of the FTCA. However, plaintiff's EEOC claim shows no intention on plaintiff's part to pursue a tort claim for a sum certain against the ATF. In fact, the claim mentions no amount of damages. Because the claim filed with the EEOC is insufficient to notify the ATF of a tort claim and fails to enable the ATF to calculate a reasonable settlement figure, it does not satisfy the requirements of § 2675.

In *McNeair v. Snyder,* 2001 WL 133132 (6th Cir.2001) (unpublished), the court dismissed the plaintiff's complaint because the plaintiff failed to file a proper administrative claim. The court reasoned that the plaintiff was unable to prove a set of facts to entitle him to relief because the plaintiff failed to file the administrative claim.

Like *McNeair,* plaintiff failed to file a proper administrative claim with the ATF, so plaintiff's tort claim should be dismissed.

### Conclusion

Accordingly, it is hereby

ORDERED THAT

defendants motion for partial summary judgment, be, and the same hereby is, granted.

**So ordered.**