Gloria **BUKALA**, Administrator of the Estate of Edward Bukala, Deceased, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

No. 86 C 8284.

United States District Court, N.D. Illinois, E.D.

Dec. 7, 1987.

Louis A. Goldstein & Associates, Ltd., Chicago, Ill., for plaintiff.

James Kubik, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Gloria Bukala brings this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.* ("FTCA"), charging the Veterans Administration ("VA") with negligent treatment of her husband. The United States moves to dismiss for lack of subject matter jurisdiction. For the following reasons, we grant the motion.

### I

Edward Bukala died on March 7, 1983, allegedly as the result of negligent pre- and post-operative treatment provided at the Edward Hines, Jr., Veterans Administration Hospital in Maywood, Illinois. Gloria Bukala, as administratrix of Mr. Bukala's estate, signed a Notice of Claim for Damage, Injury, or Death seeking $200,000 in damages and addressed to the VA at 536 South Clark Street in Chicago. On July 10, 1984, she or her attorney filed the claim with the Equal Employment Opportunity Commission ("EEOC"), also located at 536 South Clark Street. The EEOC stamped the Notice received.

On July 3, 1985, Mrs. Bukala's attorney wrote the VA to inquire as to the status of her claim. The VA alleges, and Mrs. Bukala denies, that it responded in a July 11, 1985 letter that the claim was never filed. Mrs. Bukala's attorney again sent inquiries to the VA on October 7 and 18, 1985. The October 18 letter included a copy of the Notice of Claim. Mrs. Bukala does not deny that the VA first received the Notice of Claim in that letter. The VA telephoned on October 23 to acknowledge receipt of the claim. In that telephone conversation and in a November 22, 1985 letter, the VA requested proof that the claim was filed earlier. On April 30, 1986, the VA denied Mrs. Bukala's claim as untimely.

Mrs. Bukala brought this action on October 31, 1986. The United States moves to dismiss this action, contending that since her claim accrued on March 7, 1983, the date of Mr. Bukala's death, and the VA did not receive notice of her claim until after October 18, 1985, she failed to notify the VA of her claim within the requisite time period. Mrs. Bukala responds that she satisfied the prerequisites to an FTCA action by filing her claim on July 10, 1984, with the EEOC. We conclude that Mrs. Bukala's failure to file her claim with the VA within two years of Mr. Bukala's death deprives this Court of jurisdiction over this action.

### II

This motion apparently pits the federal tort claim statute of limitations ("filing statute"), 28 U.S.C. § 2401(b), against the filing requisites of the tort claim transfer regulation, 28 C.F.R. § 14.2(b)(1) (1981). The filing statute provides in pertinent part that

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ...

28 U.S.C. § 2401(b). A plaintiff must satisfy the requirements of the filing statute before we can exercise our jurisdiction over any FTCA claim. *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir.1972). The transfer regulation provides that

A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant.... A claim shall be

presented as required by 28 U.S.C. § 2401(b) as of the date it is received by the appropriate agency.

28 C.F.R. § 14.2(b)(1).

The United States contends that the filing statute clearly required Mrs. Bukala to file her claim by March 7, 1985, with the VA, the agency accused of negligence and therefore the "appropriate Federal agency." By filing her claim with the EEOC, she failed to satisfy the filing requirement essential to this Court's jurisdiction. Mrs. Bukala responds that the transfer regulation creates an exception to the apparent unambiguous language of the filing statute. She contends that the EEOC's failure to satisfy its regulatory duty to refer her misdirected claim to the VA or, to return the claim, excused her failure to file the claim with the appropriate agency. We agree with the contention of the United States and dismiss for lack of jurisdiction.

Mrs. Bukala's interpretation notwithstanding, the transfer regulation by its very terms does not create an exception to the filing statute. The regulation does require an inappropriate agency to transfer an improperly filed claim to the appropriate agency. However, by reiterating the filing requisites of the filing statute in the final sentence, the regulation suggests that an agency's failure to transfer a claim in time to meet the plaintiff's two-year filing deadline cannot excuse the plaintiff's initial failure to file with the appropriate agency: "A claim shall be presented as required by 28 U.S.C. § 2401(b) as of the date it is received by the appropriate agency." Thus, in *Lotrionte v. United States*, 560 F.Supp. 41 (S.D.N.Y.), *aff'd*, 742 F.2d 1436 (2d Cir. 1983), for example, the court dismissed an FTCA action because the Public Health Service, the agency with which the plaintiff filed her claim, did not transfer the claim to the VA, the appropriate agency, until four days after the expiration of the two-year deadline, even though the plaintiff had filed with the PHS prior to the deadline's expiration.[1]

Even if the transfer regulation were to create an exception to the filing statute, it would not apply here. The FTCA represents a waiver of the United States' sovereign immunity. Our jurisdiction over any FTCA action is narrowly constrained to that which Congress intended. *United States v. Kubrick*, 444 U.S. 111, 117–118, 100 S.Ct. 352, 357–58, 62 L.Ed.2d 259 (1979). Thus, a federal regulation cannot narrow or expand the jurisdiction that Congress expressly granted to the federal courts in a statute. While we can interpret applicable administrative regulations loosely, *Ozark Air Lines, Inc. v. Delta Air Lines, Inc.*, 63 F.R.D. 69, 71 (N.D.Ill.1974), we must apply the filing statute in a "somewhat mechanical" fashion even if hardship to the plaintiff results. *Steele v. United States*, 599 F.2d 823, 829 (7th Cir. 1979). We cannot create an exception from the transfer regulation that the filing statute neither allows nor suggests.

Applying the filing statute here, we conclude that because Mrs. Bukala filed her claim with the EEOC rather than the VA, and the EEOC did not transfer her claim to the VA, the claim was not "presented in writing to the appropriate Federal agency within two years." For this reason, we lack jurisdiction over the claim. The EEOC was an inappropriate agency because it was in no way involved with Mr. Bukala's treatment or any claim arising therefrom. The EEOC's failure to transfer her claim does not warrant our exercise of jurisdiction over this action.

The unfortunate result of the categorical nature of the filing statute is that those, such as Mrs. Bukala, who have a tort claim against the federal government and inadvertently file their Notice of Claim with an inappropriate agency are subject to that agency's good faith and bureaucratic competence. If the agency happens to send the claim to the appropriate agency within the two-year time period or notifies the plaintiff of her mistake in sufficient time for her to refile, she can recover from that

---

1. The court in *Barnson v. United States*, 531 F.Supp. 614 (D. Utah 1982), did not apply Mrs. Bukala's asserted exception. The court found that both the Department of Energy and the Department of Health, Education and Welfare were appropriate agencies. Indeed, the court did "not wish to imply that ... claimants need not notify the appropriate agency." *Id.* at 624.

mistake and satisfy the filing statute. If, on the other hand, the agency loses or sits on her claim, she herself must discover her mistake in time to file with the appropriate agency. Regretably, such are the inequities [2] that the administrative filing requirement tolerates to "give the relevant agency an opportunity to commence investigation into the claim," *In re Consol. U.S. Atmospheric Testing Litigation*, 820 F.2d 982, 999 (9th Cir.1987), and to effectuate the agency's "right to be free of stale claims." *Order of R. Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944).[3]

### Conclusion

Under the terms of 28 U.S.C. § 2401(b), we lack jurisdiction over this action. Accordingly, the motion to dismiss is granted. It is so ordered.

**2.** The apparent inequities of this case are somewhat tempered by the fact that Mrs. Bukala's attorney waited one year after filing with the EEOC to write the VA, and, after allegedly receiving no response from the VA, waited another year and three months to inquire as to the status of her claim.

**3.** It has been suggested that the government should be estopped from asserting the sovereign immunity defense when plaintiffs comply with the spirit but not the language of the filing statute and associated regulations. *Burns v. United States*, 764 F.2d 722, 725 (9th Cir.1985)

(Reinhardt, J., dissenting); *Armstrong v. United States*, 516 F.Supp. 1252, 1255 (D.Col.1981). The Seventh Circuit has not applied estoppel to an agency's failure to transfer an improperly filed claim. However, the Seventh Circuit has found jurisdiction "under certain circumstances where failure to comply with the specific dictates of the statutory provisions was not due solely to the plaintiff's disregard of these provisions." *Chambly v. Lindy*, 601 F.Supp. 959, 961 (N.D.Ind.1985), *citing McGowan v. Williams*, 623 F.2d 1239 (7th Cir.1980).