Gloria BUKALA, Administrator of the
Estate of Edward Bukala, Deceased,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 88–1148.

United States Court of Appeals,
Seventh Circuit.

Argued June 6, 1988.

Decided Aug. 1, 1988.

Michael W. Rathsack, Chicago, Ill., for plaintiff-appellant.

James J. Kubik, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for defendant-appellee.

Before CUMMINGS, FLAUM and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

Plaintiff-appellant, Gloria Bukala, filed an action against the United States and the Veterans Administration ("VA") under the Federal Tort Claims Act ("FTCA"). The district court dismissed the lawsuit, holding that Bukala's failure to file her claim with the VA within the FTCA's two-year limitations period deprived it of subject matter jurisdiction. *Bukala v. United States*, 676 F.Supp. 162 (N.D.Ill.1987). Because we conclude that in some limited circumstances the FTCA may be interpreted to allow constructive filing of improperly presented administrative claims, we vacate the judgment of the district court and remand for further proceedings.

I.

Bukala's FTCA action is based on her claim that the medical malpractice of VA medical personnel caused her husband's death. On October 8, 1982, Edward Bukala was treated at the VA hospital in Hines, Illinois for a variety of ailments, including

an infection in his leg. Appellant's amended complaint alleges that during the course of Edward's treatment he was negligently instructed by a hospital physician to walk while supporting his weight on a wheelchair. While following these instructions, Edward fell, fractured his right hip, and was forced to undergo surgery. Appellant contends that VA doctors failed to administer proper and necessary pre- and post-operative tests and failed to perform surgery "properly." Edward died on March 7, 1983, allegedly as the direct and proximate consequence of the negligence that both caused his broken hip and attended his subsequent treatment.

Pursuant to the FTCA's filing provision, 28 U.S.C. § 2401(b), and the regulations promulgated thereunder, 28 C.F.R. § 14.1 et seq., appellant filed a claim against the government on July 10, 1984. Appellant's FTCA claim form clearly indicated that it was addressed to the "VETERANS ADMINISTRATION." However, counsel accidently delivered the form to the Equal Employment Opportunity Commission ("EEOC") which was located at the same address as the VA: 536 South Clark Street, Chicago.

In any event, it was not until July 3, 1985 that counsel first asked the VA why appellant had not received a response to her claim. This initial correspondence included an unstamped copy of appellant's claim form. The VA acknowledged appellant's inquiry in a letter dated July 11, and stated that the agency had no record of any claim concerning the death of Edward Bukala. Appellant apparently never received the VA's July 11 response because on October 18 appellant's counsel again wrote to the VA to complain that appellant had not re-

ceived a response either to the inquiry of July 3 or to a follow-up letter dated October 7. This time, counsel attached a stamped copy of the claim form to the letter. Finally, by letter dated November 1, the VA confirmed that it had received notice of appellant's administrative claim on October 23. The parties had no further correspondence until April 30, 1986 when the VA rejected appellant's claim.

Six months after her claim was denied, appellant filed suit in the district court. The government moved to dismiss for lack of subject matter jurisdiction on the ground that appellant failed to present her claim to the VA within the two-year limitations period established by the FTCA. The district court granted the government's motion and dismissed the lawsuit.

## II.

This appeal presents an issue of first impression in this circuit: does 28 C.F.R. § 14.2(b)(1),[1] the tort claim transfer regulation, allow a district court, in appropriate circumstances, to deem a claim delivered to an improper federal agency timely "presented" even though it is ultimately presented to the appropriate agency only after the FTCA's two-year statute of limitations has run? See 28 U.S.C. § 2401(b).[2] The government asserts that the FTCA clearly required appellant to present her claim to the VA (the "appropriate Federal agency") on or before March 7, 1985, two years after Edward Bukala's death. By filing her claim with the EEOC instead of the VA, the government argues, appellant failed to satisfy the FTCA's administrative filing requirement, which this court has held to be jurisdictional. See Best Bear-

1. 28 C.F.R. § 14.2(b)(1) provides:
   A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be

presented as required by 28 U.S.C. § 2401(b) as of the date it is received by the appropriate agency.

2. In relevant part, 28 U.S.C. § 2401(b) states:
   **Time for commencing action against United States**
   \* \* \* \* \* \*
   (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues....

*ings Co. v. United States,* 463 F.2d 1177, 1179 (7th Cir.1972). Appellant, on the other hand, maintains that the transfer regulation allows for an exception to the two-year filing deadline of § 2401(b) where, as here, one federal agency fails to refer an otherwise timely but misdirected claim to the "appropriate" federal agency pursuant to the transfer regulation.[3] In other words, appellant argues that the transfer regulation should be interpreted to allow a district court, under certain narrow circumstances, to find a "constructive filing" with the appropriate agency even though only a mistaken filing actually occurred.

The district court found for the government and dismissed Bukala's action, holding that her failure to comply with the FTCA's two-year statute of limitations deprived the court of subject matter jurisdiction. In so finding, the court noted that the FTCA, as a waiver of the United States' sovereign immunity, must be narrowly construed and strictly limited to the conditions set by Congress. *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979). Consequently, because the language of § 2401(b) unambiguously fixes the limitations period at two years, and because the plain language of the statute neither contemplates nor creates any exception to the filing deadline, the district court considered itself powerless to fashion such an exemption.

Moreover, the government argues that if this court were to allow the transfer regulation to form the basis for what amounts to an extension of the FTCA's limited waiver of sovereign immunity, we would be permitting an administrative agency's regulation to trump the express will of Congress as embodied in § 2401(b). We find the Justice Department's construction of the transfer regulation to be at odds with the language and common sense meaning of the regulation. Accordingly, we consider this question *de novo. See Ensinger v. Director, Office of Workers' Compensation,* 833 F.2d 678, 679 (7th Cir.1987).

While an agency's interpretation of a statute, as evidenced by its lawfully promulgated rules and regulations, cannot supersede statutory language, *see e.g., Johnson v. Heckler,* 769 F.2d 1202, 1212 (7th Cir.1985) (quoting *Mohasco Corp. v. Silver,* 447 U.S. 807, 825, 100 S.Ct. 2486, 2496, 65 L.Ed.2d 532 (1980)), this appeal does not present such a situation. Unlike the regulations under review in some of our prior cases, the transfer regulation is not inconsistent with its authorizing legislation; rather, 28 C.F.R. § 14.2(b)(1) is thoroughly *consistent* with the intent of Congress as expressed in its 1966 amendments to the FTCA. When Congress added the present mandatory administrative claims procedure to the FTCA, it did so specifically to provide for "more fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government." S.Rep. No. 1327, 89th Cong., 2d Sess. 2, *reprinted in* 1966 U.S. Code Cong. & Admin.News 2515–16. Interpreting the transfer regulation to allow for constructive filing (*i.e.,* a relation back) of claims presented within the limitations period of § 2401(b) but delivered to the wrong agency and neither transferred to the proper agency nor returned to the claimant, is both logical as well as fair and equitable.

Confronted with a published regulation that clearly imposes an affirmative obligation upon the government, the Assistant United States Attorney at oral argument nevertheless attempted to characterize the transfer regulation as an "internal management regulation" intended solely to provide guidance to those federal agencies faced with misdelivered tort claims. Not only does this characterization appear somewhat disingenuous in light of the mandatory language of the regulation (federal agencies *shall* transfer misdelivered claims to the appropriate agency; where transfer is not feasible misdelivered claims *shall* be returned to claimants), but it is contrary to

---

**3.** Putting aside appellant's apparent negligence in presenting her claim to the EEOC rather than to the VA, she nevertheless delivered the claim to the government a full eight months before the two-year filing deadline lapsed in March 1985.

the government's admission during argument that the regulation does indeed have the force of law.

The government's third and final argument is that the last sentence of the transfer regulation—"[a] claim shall be presented as required by 28 U.S.C. § 2401(b) *as of the date it is received by the appropriate agency*" (emphasis added)—precludes an interpretation of the regulation that would permit a timely but improperly filed FTCA claim to be deemed timely presented if its delivery to the proper agency occurs after the limitations period. We disagree. The government cannot insist that claimants are bound by one clause of the transfer regulation at the same time as it continues to assert its own freedom to disregard the duties imposed upon it by another clause of the very same regulation. Accordingly, we hold that an FTCA claimant is not necessarily bound by the last sentence of the transfer regulation where the government fails to comply with its duty to promptly transfer or to return misdelivered FTCA claim forms. Such a holding neither ignores the transfer regulation's final sentence nor renders it of mere secondary importance—quite the contrary. Where one agency of government attempts in a dutiful and timely fashion to transfer a misdelivered claim to the appropriate federal agency and despite due diligence the claim arrives at the proper agency *after* the two-year limitations period has run, the claim will be time-barred. 28 C.F.R. § 14.2(b)(1). It is only when a federal agency fails to comply with the transfer regulation that a timely but misdelivered claim may nevertheless be deemed timely presented to the proper agency.[4]

### III.

 Although we conclude that the district court erred as a matter of law in holding that the interplay of § 2401(b) and 28 C.F.R. § 14.2(b)(1) does not authorize any exceptions to the FTCA's two-year filing deadline, we must remand this matter to the district court for a determination of whether the peculiar facts of this case justify a finding of constructive filing. This determination is best left to the sound discretion of the district court in the first instance. We, of course, express no opinion as to the proper outcome of that inquiry.

The decision of the district court is therefore

VACATED AND REMANDED.

---

4. Neither our own research nor that of the parties has turned up a case directly on point; however, both sides cite *Lotrionte v. United States*, 560 F.Supp. 41 (S.D.N.Y.), *aff'd*, 742 F.2d 1436 (2d Cir.1983), in support of their respective positions. While *Lotrionte* is somewhat analogous, it is distinguishable on its facts. In *Lotrionte*, the plaintiff filed her administrative claim with the wrong agency at the very end of the two-year period of limitations, thereby allowing insufficient time for the improper agency to transfer the claim to the appropriate agen-

cy. In contrast, appellant's claim was delivered to the wrong agency eight months prior to the expiration of the two-year limitations period. *See supra* n. 3. To the extent that the language of *Lotrionte* suggests that constructive filing is never appropriate, we construe such dicta to apply only to situations where misdelivery occurs, as it did there, at the eleventh hour. Absent governmental misconduct (fraudulent concealment of a cause of action, etc.), such last-minute filings are surely the least compelling cases for allowing constructive filing.