Gloria **BUKALA**, Administrator of the Estate of Edward Bukala, Deceased, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

No. 86 C 8284.

United States District Court, N.D. Illinois, E.D.

July 11, 1989.

Louis A. Goldstein & Associates, Sidney Flexco, Cindy Flexgold, Chicago, Ill., for plaintiff.

James Kubik, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Gloria Bukala filed this action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 et seq., charging the Veterans' Administration ("VA") and various doctors with medical malpractice. We dismissed the action because Mrs. Bukala failed to file her claim with the VA within the FTCA's two-year limitations period. Bukala v. United States, 676 F.Supp. 162 (N.D.Ill.1987). The Seventh Circuit vacated that judgment and remanded for further proceedings. Bukala v. United States, 854 F.2d 201 (7th Cir.1988). The United States has filed a renewed motion to dismiss which, for the reasons set forth below, we deny.

### Factual Background and Procedural History

On March 7, 1983, Edward Bukala, Mrs. Bukala's husband, died allegedly as the direct and proximate result of the negligence of VA medical personnel.[1] Mrs. Bukala, as administratrix of Mr. Bukala's estate, filed a tort claim against the government on July 10, 1984. She addressed her claim to the VA at 536 S. Clark Street in Chicago. However, Ellyn Collins, the filing clerk for Mrs. Bukala's attorney, mistakenly filed the claim with the Equal Employment Opportunity Commission ("EEOC"), also located at 536 S. Clark Street. The

Notice was stamped as "Received" by the EEOC on July 10, 1984.

On July 3, 1985, almost one year later, Mrs. Bukala asked the VA by letter whether any action had been taken on her claim. She included in that correspondence an unstamped copy of the Notice of Claim. The VA responded that it had no record that Mrs. Bukala ever filed a claim. On October 18, Mrs. Bukala again wrote the VA to complain that she had not received a response to her claim or inquiries. This time, she attached a stamped copy of the Notice of Claim. The VA responded that Mrs. Bukala's claim was deemed filed on October 23, 1985, presumably the date it received her October 18 letter with the stamped Notice. The VA then rejected the claim as untimely under the following provision of the FTCA: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b).

Mrs. Bukala then filed this action. We granted the government's motion to dismiss for lack of subject matter jurisdiction on the basis that Mrs. Bukala failed to present her claim to the VA by March 7, 1985, two years from the date her cause of action accrued. In our view, that she had timely filed her claim with the EEOC did not satisfy the FTCA's statute of limitations. 676 F.Supp. at 164. The Seventh Circuit vacated the dismissal, holding that a transfer regulation, 28 C.F.R. § 14.2(b)(1), which requires federal agencies to transfer wrongly-filed claims to the appropriate agency,[2] "allow[s] for constructive filing (i.e., a relation back) of claims presented within the limitations period of § 2401(b) but delivered to the wrong agency and neither transferred to the proper

---

1. The conduct that allegedly caused Mr. Bukala's death is summarized in the Seventh Circuit's decision. Bukala, 854 F.2d at 201–02.

2. 28 C.F.R. § 14.2(b)(1) provides that

A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and

advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant. The fact of the transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. § 2401(b) as of the date it is received by the appropriate agency.

agency nor returned to the claimant." 854 F.2d at 203. If the EEOC received Mrs. Bukala's claim and, in the exercise of due diligence, could have transferred the claim to the VA before the two-year limitations period had run, her misdelivered claim may be deemed timely presented to the proper agency in satisfaction of § 2401(b). *Id.* at 204. The Court remanded for, and the parties' briefs here are directed to, this determination.

### Constructive Filing

According to the stamp on Mrs. Bukala's Notice of Claim, she filed the claim with the EEOC on July 10, 1984, eight months before the two-year limitations period ran out. The Notice clearly indicates that Mrs. Bukala's claim was against the VA. The United States concedes that the EEOC did not attempt to transfer her claim to the VA or return it to Mrs. Bukala as improperly filed, and we have no doubt that had the EEOC made an effort to comply with the transfer regulation, the VA would have received the claim by the deadline.

Instead, the government contends that Mrs. Bukala has not proven the threshold fact that she ever filed the claim with any agency. The government points to deposition testimony indicating that the EEOC has no record of her claim, no EEOC official recalls having seen the claim and Collins, who allegedly filed the claim, does not recall filing that specific Notice. This line of argument is disingenuous in light of the fact that Mrs. Bukala has produced the Notice of Claim form which was stamped as received by the EEOC, credible evidence that the claim was filed. *Cf. Lotrionte v. United States,* 560 F.Supp. 41, 42–43 (S.D. N.Y.), *aff'd,* 742 F.2d 1436 (2nd Cir.1983). The government's evidence establishes at most that many of the people involved cannot specifically recall the filing after more than four years. The government suggests that Collins might have taken the claim to the EEOC, stamped it herself when no one was present and left without leaving a copy with an EEOC employee. This is nothing more than unfounded speculation.[3] In the absence of evidence to the contrary, we will presume that the stamp means exactly what it states: that the EEOC received the claim on July 10, 1984. Mrs. Bukala need not present the testimony of an individual who recalls having filed or an EEOC employee who recalls having received that specific claim.[4]

The government further contends that Mrs. Bukala cannot prove that the government should be estopped from asserting a statute-of-limitations defense. This contention misconstrues the Seventh Circuit's rationale in *Bukala.* "The statute of limitations under the FTCA is jurisdictional in nature and is not subject to equitable considerations." *Myszkowski v. United States,* 553 F.Supp. 66, 68 (N.D.Ill.1982), quoting *Stewart v. United States,* 503 F.Supp. 59, 63 (N.D.Ill.1980), *aff'd,* 655 F.2d 741 (7th Cir.1981). *See also Smith v. Mark Twain National Bank,* 805 F.2d 278, 293–94 (8th Cir.1986). The Seventh Circuit did not deviate from this principle when it reconciled § 2401(b) and the transfer regulation. The Court based its decision on the conclusion that the transfer regulation is "thoroughly *consistent* with the intent of Congress" that underlies the FTCA. *Bukala,* 854 F.2d at 203. Notions of estoppel did not appear expressly or implicitly in the decision.

### Conclusion

The evidence shows that Mrs. Bukala filed her claim in the EEOC office on July 10, 1984, and the EEOC did not attempt to forward the claim to the VA as was its

---

**3.** The government additionally contends that it tests the limits of reason to assert that Collins passed four floors of VA offices on her way up to the EEOC office on the ninth floor of the 536 S. Clark Street building. We disagree. Collins stated in deposition testimony that she ordinarily files a number of claims at a time. It is not unreasonable to infer that she may have included Mrs. Bukala's claims among a number of others that she filed with the EEOC. There is no evidence to support this, but there need not be for we merely suggest the possibility to refute the government's contention here.

**4.** The EEOC's inability to produce the claim or a record of its having been filed cannot defeat Mrs. Bukala's claim here. It is the government's, not a claimant's, responsibility to assure that the appropriate procedures are followed when a claim is stamped as received.

duty under the transfer regulation. Accordingly, Mrs. Bukala constructively filed her claim within the two-year statute of limitations, and the United States' motion to dismiss is denied. The United States is to answer the complaint within fifteen days. A status hearing is set for July 18, 1989, at 10:00 a.m. It is so ordered.