**Deborah BURNS, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, United States Bureau of Prisons and United States of America, Defendants.**

No. 92 C 7069.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 21, 1994.

Deborah Burns, pro se.

James John Kubik, U.S. Attorney's Office, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiff Deborah Burns filed a *pro-se* complaint against the United States Department of Justice, the Federal Bureau of Prisons,

and the United States of America. In the complaint, the plaintiff alleges that she sustained physical and psychological damage as a result of her incarceration. Defendants have filed a motion to dismiss the complaint for lack of subject matter jurisdiction. FED. R.CIV.P. 12(b)(1). For the reasons articulated below, this court grants the defendants' motion to dismiss.

■ The plaintiff in this case titled her complaint under the Civil Rights Act, 42 U.S.C. § 1983. However, the allegations in the complaint refer to the denial of a number of administrative tort claims by the Federal Bureau of Prisons. Therefore, the plaintiff's intended cause of action should be under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 2671 *et seq.* With that in mind, the court considers the defendants' motion.

■ Before doing so, however, the court must determine whether the Department of Justice or the Federal Bureau of Prisons may be defendants in this case. The FTCA gives federal district courts jurisdiction over actions against the United States based on the alleged tortious conduct of federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b). When an action is brought pursuant to this provision, only the United States may be named as a defendant; federal agencies or employees may not be named. 28 U.S.C. §§ 2679(a), (b)(1). Accordingly, as the plaintiff concedes, the United States Department of Justice and the Federal Bureau of Prisons drop out as party defendants. The court decides the rest of the motion with the United States as the lone remaining defendant.

The defendant's jurisdiction argument centers around the language in 28 U.S.C. § 2401(b) which bars tort claims against the United States "unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." The plaintiff's case is based on five different tort claims that the plaintiff presented to the Federal Bureau of Prisons. As for the first three claims, notice of final denial of the claims by the agency was given on October 23, 1992. As for the last two claims, notice of final denial was given on January 23, 1992. In addition, each of the notices of final denial from the Bureau of Prisons concluded with the same statement: "If you are dissatisfied with our determination, you are advised that you have six months in which to bring suit in the appropriate U.S. District Court."

■ For purposes of the Federal Tort Claims Act, a party begins an action, thus tolling the jurisdictional statute of limitations, by filing a complaint with the court. *McNeil v. United States,* 964 F.2d 647, 649 (7th Cir.1992), *aff'd,* — U.S. —, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). If the complaint is not filed within six months after the notice of final denial, the FTCA statute of limitations runs out and this court no longer has jurisdiction to hear the case. *Charlton v. United States,* 743 F.2d 557, 558 (7th Cir. 1984). In this case, plaintiff's complaint was received on October 22, 1992. The complaint was officially filed on February 25, 1993 after plaintiff was granted leave to file *in forma pauperis.* Regardless of which date is used to determine the length of time between the notices of denial and the filing of the complaint, more than the six months allowed under the statute passed. Specifically, as for the plaintiff's first three claims, nearly twelve months passed from the date notice of final denial was given and receipt of the complaint. With respect to the last two claims, almost nine months had passed. As a result, this court does not have jurisdiction to hear the case, and defendant's motion to dismiss the case under FED.R.CIV.P. 12(b)(1) should be granted.

■ The plaintiff appears to argue that because of equitable estoppel, the statute of limitations is subject to tolling, thus excusing the plaintiff's untimely filing. However, the Seventh Circuit has previously held that the statute of limitations under the FTCA is jurisdictional in nature and thus not subject to equitable considerations. *Stewart v. United States,* 503 F.Supp. 59, 63 (N.D.Ill.1980), *aff'd,* 655 F.2d 741 (7th Cir.1981); *Best Bearings Co. v. United States,* 463 F.2d 1177, 1179 (7th Cir.1972); *Bukala v. United States,* 727 F.Supp. 382 (N.D.Ill.1984). Therefore,

plaintiff's argument that she filed what may have been her complaint in May, 1992 is unavailing.

### CONCLUSION

Defendants' motion to dismiss is granted. FED.R.CIV.P. 12(b)(1).