**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

TONYA HART,

      Plaintiff-Appellant,

v.

DEPARTMENT OF LABOR, ex rel.
United States of America;
MANAGEMENT AND TRAINING
CORP., sued as:  Tulsa Job Corp.,

      Defendants-Appellees.

No. 96-5152

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 95-CV-882-H)

---

Submitted on the briefs:

Carol Seacat of Seacat, Seacat & Seacat, Okmulgee, Oklahoma, for Plaintiff-Appellant.

Stephen C. Lewis, United States Attorney, Wyn Dee Baker, Assistant United States Attorney, Tulsa, Oklahoma, for Defendant-Appellee Department of Labor.

Jo Anne Deaton of Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, Oklahoma, for Defendant-Appellee Tulsa Job Corps Center.

---

Before EBEL, HENRY, and MURPHY, Circuit Judges.

EBEL, Circuit Judge.

_____

I. Background

Plaintiff Tonya Hart filed this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, for personal injuries allegedly sustained when she was caught in an altercation at the Tulsa Job Corps Center.[1]  Plaintiff claimed that her injuries were the result of defendants' negligent failure to provide adequate security at the center, and as a result of an assault and battery allegedly perpetrated by one of the center's security guards.  Management and Training Corporation, improperly named in the complaint as "Tulsa Job Corp," filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted.  The government filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, claiming that plaintiff had not filed a timely claim with the proper agency in accordance with the requirements of the FTCA.  The district court granted defendants' dismissal motions; plaintiff appeals, and we affirm.

_____

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

On appeal plaintiff contends that (1) the district court erred in determining that plaintiff's claim was barred by the intentional tort exception of the FTCA; and (2) the district court erred in holding that it lacked subject matter jurisdiction because the plaintiff's claim was barred by the statute of limitations.  Due to our decision on plaintiff's second claim, that the district court correctly dismissed her claims for lack of subject matter jurisdiction, it is not necessary for this court to reach her contention that the district court erred in determining her claim barred under the intentional tort exception of the FTCA.

The United States is immune from suit unless it has consented to be sued "'and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  The FTCA represents a waiver of the United States' immunity and must, therefore, be strictly construed.  See Pipkin v. United States Postal Serv., 951 F.2d 272, 275 (10th Cir. 1991).  Proper presentation of the administrative claim is a jurisdictional prerequisite to suit, one which the courts have no authority to waive.  See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir. 1994).  "The determination of the district court's subject matter jurisdiction is a question of law which we review de novo."

Bradley v. United States ex rel. Veterans Admin., 951 F.2d 268, 270 (10th Cir. 1991).

A claim against the United States under the FTCA is barred unless it is presented to the proper agency within two years of its accrual. See 28 U.S.C. § 2401(b). Claims for damages against the government under the FTCA must be presented to the appropriate federal agency by filing "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a).

Plaintiff alleges that she sustained injuries during a disturbance which occurred while she was visiting the Tulsa Job Corps Center on November 28, 1992. In January 1994, plaintiff mailed a claim form to the United States Department of Justice (DOJ). See Appellant's App. at 32. The DOJ forwarded the claim to the Department of Labor (DOL), the proper agency to process plaintiff's claim. By letter dated March 9, 1994, the DOL informed plaintiff that it had received the transferred claim and that the claim was deficient in that it failed to state a sum certain. See id. at 64-65. The letter enumerated the information it needed in order to properly investigate plaintiff's claim, and specifically requested that a new claim with the proper information be sent to the DOL. See id.

Plaintiff did not file a new claim until November 28, 1994, the last day of the two-year limitations period. Although this second claim form correctly stated that the appropriate federal agency was the DOL, id. at 55, it was incorrectly mailed to the United States Attorney General, id. at 54. Plaintiff argues that her filing with the United States Attorney General should constitute constructive filing with the DOL, and therefore, be considered timely. We disagree.

## II. Discussion

This court has not previously addressed the question of whether the tort claim transfer regulation, 28 C.F.R. § 14.2(b)(1),[2] allows a district court to consider a claim delivered to an improper federal agency timely filed, even though it is transferred to the appropriate agency after the FTCA's two-year statute of limitations has run. In Bukala v. United States, 854 F.2d 201 (7th Cir. 1988), the Seventh Circuit considered the question. In Bukala, the claimant filed

---

[2]       The tort claim transfer regulation, 28 C.F.R. § 14.2(b)(1), provides:

A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. § 2401(b) as of the date it is received by the appropriate agency.

a claim eight months before the limitations period expired. Although the claim form was properly addressed to the Veterans Administration, it was mistakenly delivered to the EEOC. The EEOC failed to transfer the claim within the limitations period, and the district court dismissed the claimant's suit for lack of subject matter jurisdiction.

On appeal, the Bukala court concluded that when the agency fails in its duty to promptly transfer or return the misdirected claim, the plaintiff is not necessarily bound by the last sentence of 28 C.F.R. § 14.2(b)(1), deeming a claim properly filed "as of the date it is received by the appropriate agency." Bukala, 854 F.2d at 204. The court held that under these circumstances, the claim can be considered constructively filed as of the date received by the transferring agency. Id.; accord Greene v. United States, 872 F.2d 236, 237 (8th Cir. 1989). The court further held, however, that where the agency attempts in a diligent and dutiful manner to transfer the misdirected claim, and despite its diligence, the claim fails to reach the appropriate agency before the limitations time expires, the claim will be barred. Id.

We determine that this reasoning is applicable here. The DOJ, in a timely and diligent fashion, transferred plaintiff's claim to the DOL, the appropriate federal agency. The DOL, also in a timely and diligent fashion, determined the claim to be deficient and notified plaintiff of the deficiencies and the need to file

another claim with the DOL. See Bradley, 951 F.2d at 271 ("Failure to comply with the sum certain requirement results in the case being treated 'as if no administrative claim had ever been filed.'") (quoting Caidin v. United States, 564 F.2d 284, 287 (9th Cir. 1977)). Plaintiff then waited almost nine months, in fact until the last possible day, before refiling, and again filed with the wrong agency.

It is clear that plaintiff's failure to refile in a timely manner with the proper agency cannot be attributed to any dilatory conduct on the part of a federal agency. Therefore, adopting the Seventh Circuit's position, we hold that if the agency fails promptly to comply with the transfer regulation and, as a result, a timely filed, but misdirected claim does not reach the proper agency within the limitations period, the claim may be considered timely filed. See Bukala, 854 F.2d at 204. If, however, as here, a claimant waits until the eleventh hour to file and, despite notification of the appropriate agency, the filing is misdirected, there is no compelling reason for allowing constructive filing. See id. at 204 and n.4; see also Lotrionte v. United States, 560 F. Supp. 41 (S.D.N.Y), aff'd 742 F.2d 1436 (2d Cir. 1983) (constructive filing not allowed where claimant filed at the last minute thereby allowing insufficient time for the claim to be transferred to the appropriate agency within the limitations period).

Accordingly, we agree with the decision of the district court that, under the circumstances presented here, plaintiff's claims are jurisdictionally barred. We

believe this holding preserves and promotes the premise that "[c]ourts are not free to construe section 2401(b) so as to defeat that section's purpose of encouraging prompt presentation of claims against the federal government." Pipkin, 951 F.2d at 275. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.