**Mercedes OQUENDO–AYALA, Plaintiffs,**

v.

**UNITED STATES of America, Defendants.**

**No. 97–2233 (DRD).**

United States District Court, D. Puerto Rico.

Nov. 30, 1998.

---

3. The Court, therefore, need not independently determine the location of MFL/ITL's principal place of business.

Lisa E. Bhatia–Gautier, U.S. Attorney's Office District of P.R., Hato Rey, PR, for Defendant.

Nydia Maria Diaz–Buxo, Caguas, PR, for Plaintiff.

## ORDER

DOMINGUEZ, District Judge.

Pending before this court is defendant's Motion to Dismiss plaintiff's complaint pursuant to FedR.Civ.Pro. 12(b)(1) filed on September 4, 1998 (Docket No. 14). To date, plaintiff has not filed an opposition to defendant's motion. The court then adjudicates defendant's unopposed motion to dismiss on the merits.

### I. FACTS

On July 11, 1994, plaintiff Mercedes Oquendo–Ayala was arrested by officials from the Drug Enforcement Administration (DEA). On July 14, 1994, Magistrate Judge Castellanos dismissed the criminal complaint filled against her. Plaintiff subsequently brought suit for damages against the United States under the Federal Tort Claims Act (FTCA). On July 3, 1996, plaintiff filed an administrative claim at the United States Attorney's Office (USAO), eight days before the time limit for filling such claims expired. Also, plaintiffs administrative claim, wrongfully identified the Federal Bureau of Investigations (FBI) as the arresting authority. Pursuant to 28 C.F.R. § 14.2(b)(1)[1] the USAO transferred the claim to the FBI who

received it on July 12, 1996. The FBI subsequently turned it over to the DEA who received it on November 14, 1996. In a letter dated February 18, 1997, the DEA acknowledged reciept of plaintiff's administrative claim and informed her that the same was denied.

### II. DISCUSSION

Defendant now moves to dismiss claiming plaintiffs failed to meet the two year statute of limitation pursuant to 28 U.S.C. § 2401(b).[2] As of this date, over two and a half months after defendant's motion was filed, plaintiffs have not file an opposition to this motion.[3] Nevertheless, the court now decides defendant's motion on the merits. This case presents an issue of first impression in this court: whether under 28 C.F.R. § 14.2(b)(1) an administrative claim timely delivered to an improper federal agency may be deemed to satisfy the FTCA two year time limitation even though it is ultimately presented to the appropriate agency only after the time limit has expired. After considering defendant's motion the court grants said motion to dismiss.

 "It is elementary that 'the United States, as a sovereign, is immune from suit save as it consents to be sued …, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980) (citing *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–770, 85 L.Ed. 1058 (1941)). A waiver of sovereign immunity must be unequivocally expressed. *Mitchell*, 445 U.S. at 538, 100 S.Ct. 1349. In the absence of such clear

---

**1.** 28 C.F.R. § 14.2(b)(1) states: "A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advice the claimant of the transfer. If transfer is no feasible the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. § 2401(b) as of the date it is received by the appropriate agency."

**2.** 28 U.S.C. § 2401(b) states in part: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues …"

**3.** Pursuant to Local Rule 311(5) of this District, "[i]f the respondent opposes a motion, he or she shall file a response within ten (10) days after service of the motion, including brief and such supporting documents as are then available."

consent from Congress, the court has no jurisdiction to adjudicate a suit against the United States. *Id.*

The FTCA is one such example of an express Congressional waiver of sovereign immunity. To bring a suit against the United States for money damages arising out of an injury, the action must be presented in writing to the appropriate Federal agency within two years after the cause of action arose. 28 U.S.C. § 2401; *see also, Gonzalez–Bernal v. United States,* 907 F.2d 246, 248 (1st Cir.1990) (It is well settled law, that an action brought against the United States under the Federal Tort Claims must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency.). The FTCA affords a plaintiff two years from the date a claim against the United States accrues, to present a written claim to the agency thereby preserving the right to file a tort suit against the United States. When a claim is delivered to the wrong agency a claim is deemed "presented" only when it is received by the appropriate Federal agency. 28 C.F.R. 14.2. *Lotrionte v. United States,* 560 F.Supp. 41 (S.D.N.Y.), aff'd. 742 F.2d 1436 (2d Cir.1983) ("... it would be in error to deem a claim presented, for the purposes of 28 U.S.C. § 2401(b), on the day it is received by the improper agency. Such a reading makes the use of the term 'appropriate' in the statue, superfluous.") Moreover, mailing of the claim alone is not sufficient to meet the requirement that the claim be presented. "[m]ailing is not presenting; there must be receipt." *Drazan v. United States,* 762 F.2d 56, 58 (7th Cir.1985); *see also Bailey v. United States,* 642 F.2d 344 (9th Cir.1981) ("Nor do we accept appellants' invitation to rewrite the Act and in effect repeal the regulation by holding that *mailing alone is sufficient to meet the requirement that a claim be 'presented.' "*).

In the present case, plaintiff's claim is time barred as the administrative claim was presented to the proper agency after the time limitation had expired. The accrual period on plaintiff's claim began on July 11, 1994 the day the alleged incident occurred. Plaintiff filed the administrative claim with the USAO on July 3, 1996, eight days before the two year limitation period was to elapse. The USAO transferred the claim to the FBI which received it after the time limitation had expired. Because DEA agents were the arresting officers in this case, the proper agency with which to file in this case was the DEA. As noted above, a claim is presented for the purposes of the FTCA only when the appropriate agency receives the claim. Because the DEA received plaintiff's claim well after the two year time limit had expired, the claim is time barred and must be dismissed.

A number of Circuits, however, have interpreted the regulations to allow for "constructive filing" when a claim is timely but improperly filed with an incorrect agency and that agency fails to comply with § 14.2(b)(1). *See Hart v. Dept. of Labor ex rel. United States,* 116 F.3d 1338 (10th Cir.1997); *Greene v. United States,* 872 F.2d 236 (8th Cir.1989); *Bukala v. United States,* 854 F.2d 201 (7th Cir.1988). Plaintiff, however, cannot avail herself of this doctrine. In the first place, these courts have considered such misdirected claims timely "only when a federal agency fails to comply with the transfer regulation ..." *Bukala,* 854 F.2d at 204; *Hart,* 116 F.3d at 1341. In this case the USAO transferred plaintiff's claim to the FBI who in turn transferred it to the DEA pursuant to the regulations. "Where one agency of government attempts in a dutiful and timely fashion to transfer a misdelivered claim to the appropriate federal agency and despite due diligence the claim arrives at the proper agency after the two year limitations period has run, the claim will be time-barred." *Bukala,* 854 F.2d at 204. Because the agencies here properly transferred the claim, constructive filing is not applicable in this case.

He who files at the last minute takes the risk that a misidentified claim will not be transferred to the appropriate agency on time. Plaintiff's administrative claim was filed only eight days before the end of the two year period. In this case, the agencies involved properly transferred plaintiff's misidentified claim pursuant to the regulations. It was only because the claim was sent too close to the end of the time limit and to an improper agency, that plaintiff's claim was untimely presented. When "a claimant waits

until the eleventh hour to file and, despite notification of the appropriate agency, the filing is misdirected, there is no compelling reason for allowing constructive filing." *Hart*, 116 F.3d at 1341; *Bukala*, 854 F.2d at 204 ("Absent governmental misconduct (fraudulent concealment of a cause of action, etc.), such last-minute filings are surely the least compelling cases for allowing constructive filing."). Because the claim was presented to the appropriate agency after the period of limitations had expired and constructive filling is not appropriate in this case, plaintiff's claim is time barred.[4] Accordingly, defendant's motion to dismiss is Granted.

For the foregoing reasons, defendant's Motion to Dismiss is hereby **GRANTED.**

IT IS SO ORDERED.

---

4. In so holding, the court recognizes the harsh result that such a ruling imposes upon plaintiff. Nevertheless, "[w]e should also have in mind that the Act waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended." *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979).