<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

      [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
                United States Court of Appeals
                    For the First Circuit

No. 99-1074

                    MERCEDES OQUENDO-AYALA,

                     Plaintiff, Appellant,

                               v.

                         UNITED STATES,

                      Defendant, Appellee.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

        [Hon. Daniel R. Domnguez, U.S. District Judge]

                             Before

                    Torruella, Chief Judge,
              Selya and Boudin, Circuit Judges.
                                
                                
                                
                                
    Nydia Maria Diaz-Buxo on brief for appellant.
    David W. Ogden, Acting Assistant Attorney General, Guillermo
Gil, United States Attorney, Robert S. Greenspan and Steve Frank,
Attorneys, Appellate Staff, Department of Justice, on brief for
appellee.

August 5, 1999

                                
                                
  
           Per Curiam.    The  plaintiff, Mercedes Oquendo-
 Ayala, appeals a district court order that summarily dismissed
 her complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of
 subject matter jurisdiction.  Having thoroughly reviewed the
 record and the parties' briefs on appeal, we conclude that the
 order of dismissal is correct.  Plaintiff's tort claims against
 the Drug Enforcement Administration are time barred as a result
 of her failure to timely present her administrative claim to
 that agency, as required under the Federal Tort Claims Act.  
 See 28 U.S.C.  2401(b).  See also Santiago-Ramirez v.
 Secretary of Department of Defense, 984 F.2d 16, 18 (1st Cir.
 1993); Kokaras v. United States, 980 F.2d 20, 22 (1st Cir.
 1992); Corte-Real v. United States, 949 F.2d 484, 485-86 (1st
 Cir. 1991); Eveland v. Director of the CIA, 843 F.2d 46, 50 (1st
 Cir. 1988); Hau v. United States, 575 F.2d 1000, 1002-03 (1st
 Cir. 1978).
           Although plaintiff did timely file a claim with the
 United States Attorney's office, that office was not the
 appropriate agency for purposes of the Federal Tort Claims Act,
 and it complied with the requirements of 28 C.F.R.  14.2(b)(1)
 when it transferred the claim to the Federal Bureau of
 Investigation, which plaintiff identified on her claim as the
 "appropriate agency."  Thus, filing with the United States
 Attorney's office does not constitute "constructive filing"
 with the Drug Enforcement Administration.  See Hart v.
 Department of Labor ex rel. United States, 116 F.3d 1338, 1341
 (10th Cir. 1997); Lotrionte v. United States, 560 F. Supp. 41,
 43 (S.D.N.Y. 1983), aff'd, 742 F.2d 1436 (2d Cir. 1983)
 (TABLE).  Cf. Bukala v. United States, 854 F.2d 201, 203 (7th
 Cir. 1988); Greene v. United States, 872 F.2d 236, 237 (8th Cir.
 1989).
           Plaintiff's  1983 claim against the United States
 fails because  1983 does not apply to federal officials acting
 pursuant to federal law.  See Chatman v. Hernandez, 805 F.2d
 453, 455 (1st Cir. 1986); Cervoni v. Secretary of Health
 Education & Welfare, 581 F.2d 1010, 1019 (1st Cir. 1978).   
           Affirmed.  See Local Rule 27.1.  

</body>

</html>