**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARCIA J. HUMPHREY,

      Plaintiff-Appellant,

v.

SHEILA E. WIDNALL, Secretary,
Department of the Air Force,

      Defendant-Appellee.

No. 99-6219
(D.C. No. 98-CV-763)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **KELLY** , **HENRY** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff seeks review of the district court's order dismissing her civil rights action brought pursuant to 42 U.S.C. §§ 2000e-2000e-17, alleging job discrimination on the basis of race. [1] The court dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction because plaintiff failed to exhaust administrative remedies by timely filing a formal complaint with the EEO counselor at her place of employment as required by 29 C.F.R. § 1614.106(b) (complaint must be filed within fifteen days of receipt of notice required by § 1614.105(d), (e), or (f)). The district court reviewed the documents submitted in support of the motion to dismiss and plaintiff's proffered reasons for the untimely filing and determined, as had the EEOC, that plaintiff had failed to submit adequate justification under 29 C.F.R. § 1614.604(c) to justify waiver, estoppel or equitable tolling of the fifteen-day time period.

We review the dismissal of a complaint under Rule 12(b)(1) de novo. See Hart v. Department of Labor ex rel. United States, 116 F.3d 1338, 1339 (10th Cir. 1997); see also FDIC v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992) (facts regarding jurisdictional questions may be determined by reference to

---

[1] After the district court dismissed the complaint, plaintiff filed a "motion for rehearing," claiming the recent "discovery" of a postal receipt establishing that her formal complaint was timely filed in December of 1996. The district court denied the request for rehearing on the ground that the receipt could have been, in the exercise of due diligence, discovered earlier and particularly in response to defendant's motion to dismiss. The court did not determine the credibility of this newly presented evidence, nor do we.

affidavits). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances." SK Fin. SA v. La Plata County, Bd. of County Comm'rs, 126 F.3d 1272, 1275 (10th Cir. 1997).

Postjudgment motions are reviewed for abuse of discretion. See Brown v. Presbyterian HealthCare Servs., 101 F.3d 1324, 1331 (10th Cir. 1996) (Rule 59(e); White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990) (Rule 60(b). A motion to reconsider is treated as a Rule 59(e)motion if filed within ten days of judgment; otherwise, it is treated as one under Rule 60(b). See Elsken v. Network Multi-Family Sec. Corp., 49 F.3d 1470, 1476 (10th Cir. 1995). In this case plaintiff's notice of appeal was filed within sixty days of the district court's dismissal of the complaint. See Fed. R. App. P. 4(a)(1)(B) (when United States is party, notice of appeal may be filed by any party within sixty days after judgment or order is entered). Therefore, we may consider the dismissal of the complaint as well as the court's denial of plaintiff's motion for rehearing.

We have reviewed the record and carefully considered the parties'
arguments.  We affirm the district court order for substantially the reasons given
in the orders dismissing the complaint and denying the motion for rehearing.

AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge