

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2009

# Ahmed v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4669

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Ahmed v. USA" (2009). *2009 Decisions*. Paper 1208.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1208

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

No. 07-4669

————

MALISSA A. AHMED,
                                    Appellant,

v.

UNITED STATES OF AMERICA

————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 05-1929)
District Judge: Honorable Dennis M. Cavanaugh

————

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2009

Before: SLOVITER and BARRY, Circuit Judges, and POLLAK,* District Judge

(Filed: June 10, 2009)
———

OPINION
———

_____

* Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District
of Pennsylvania, sitting by designation.

POLLAK, <u>District Judge</u>.

Appellant Malissa A. Ahmed appeals the District Court's dismissal of her complaint under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA") for failure to comply with the jurisdictional time requirements of that statute. As discussed below, the District Court correctly dismissed appellant's complaint.

**I.**

Appellant was involved in an accident on June 4, 2003 with a vehicle driven by an agent of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"). However, at the time of the accident, all appellant knew was that vehicle was owned by the federal government; she could not identify what agency of the government owned the vehicle or employed the driver. On July 28, 2003, she filed a claim under the FTCA with the Department of Justice ("DOJ"), Civil Division, Torts Branch. On August 14, 2003, the DOJ sent her claim back, acknowledging receipt of her claim but returning it to her because she had not identified the proper agency to which the claim should be directed. Over a year later, but still within the FTCA's two-year statute of limitations, *see* 28 U.S.C. § 2401(b), appellant again sent her claim to the DOJ Torts Branch, mailing it on September 28, 2004. She indicated that she could still not identify the appropriate agency and requested that DOJ figure it out and transfer her claim, citing authority that a federal agency has an affirmative duty to transfer claims it wrongly receives to the correct agency. On October 26, 2004, DOJ sent a letter to ICE. This letter

2

informed ICE that DOJ had received Ahmed's claim on October 4 and then learned that ICE was in fact the proper agency. DOJ noted in the letter that it was transferring the claim to ICE. Appellant's counsel was copied on this October 26, 2004 letter. Appellant filed suit in the District Court on April 12, 2005. Subsequently, ICE denied the administrative claim on July 28, 2005.

In response to appellant's complaint in court, ICE moved for dismissal, arguing that appellant had failed to comply with the time requirements of the FTCA. The District Court agreed and dismissed the complaint, and appellant timely appealed.

## II.

This case revolves around the determination of the date on which the claim was presented to the agency. The date matters because the FTCA and its implementing regulations set a strict timeline for the filing of tort claims against the federal government. The statute provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C.A. § 2675(a).

The statute requires "complete exhaustion" of administrative remedies before a

3

claimant can seek relief in court; a complaint filed in court before the conclusion of the six-month period in which the agency reviews the claim will be deemed premature. *McNeil v. United States*, 508 U.S. 106, 112 (1993). The start date of the six-month period is further defined by 28 C.F.R. § 14.2(b)(1), which provides that a "claim shall be presented . . . as of the date it is received by the appropriate agency." This regulation also instructs agencies that when they receive claims which ought to be presented to a different agency, the receiving agency "shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer." *Id.*

There are four possible dates in contention for the date on which appellant's claim was presented to the agency. Appellant argued before the District Court, and argues before this court on appeal, that her claim was presented to the agency by, at the latest, October 4, 2004, the date on which it was received for the second time by DOJ. She also argues that her claim could have been filed as early as July 28, 2003 (the date of her original filing with the DOJ Torts Branch) or September 28, 2004 (the date of her second letter to the DOJ Torts Branch). ICE argues that the claim was not actually presented to the agency until October 26, 2004, the date on which it was transferred from DOJ to ICE. Appellant filed her complaint in the District Court on April 12, 2005. If the claim is to be regarded as having been presented on October 26, 2004, the April 12, 2005 filing would have been premature, as the six-month agency review period would not have been

4

completed. However, if appellant's proposed date of October 4, 2004–or one of the earlier dates–is the date on which the claim is deemed to have been presented to the agency, then the April 12, 2005 complaint was not premature and should not have been dismissed.

In arguing for a date earlier than October 26, 2004, Ahmed urges the court to use the doctrine of constructive filing and adopt one of the three dates she proposes (July 28, 2003; September 28, 2004; or October 4, 2004). Courts permitting constructive filing in the FTCA context have largely been resolving situations where the government's failure to transfer the claim led to the claimant's failure to comply with the FTCA's statute of limitations. *See, e.g.*, *Bukala v. United States*, 854 F.2d 201, 204 (7th Cir. 1988) (permitting constructive filing of complaint with wrong agency where agency did not transfer claim to appropriate agency within the two-year statute of limitations). That is not the situation here, where the government did not act negligently in its treatment of appellant's claim and instead promptly transferred the claim to the appropriate agency. Though the letter of September 28, 2004 (a letter written by appellant's counsel's "legal assistant") asserted that it constituted a claim and opened the six-month agency review period, this assertion ignored appellant's duty to present the claim to the proper agency.

Moreover, the government did respond to the September 28, 2004 letter. In a letter dated October 26, 2004 and sent to appellant's counsel, the DOJ Torts Branch advised that appellant's claim was being transferred to ICE as of that date; thus, as of

October 26, 2004 it should have been apparent to counsel that appellant's claim had not been presented to the appropriate agency before that date. Therefore, the six-month period had not yet closed when appellant's complaint was filed on April 12, 2005. As a result, the complaint was premature, contravening the requirements of 28 U.S.C. § 2675(a). The District Court properly dismissed the complaint.

## III.

For the foregoing reasons, the judgment of the District Court will be affirmed.